No. 20,915.

CLARENCE H. RODARMEL, *Appellee*, v. THE CAREY SALT COM-
PANY, *Appellant*.

SYLLABUS BY THE COURT.

WORKMEN'S COMPENSATION ACT—*Injuries—Written Release—Release
Not Filed with District Clerk—Release Void.*  Under section 5922 of
the General Statutes of 1915, any release of liability by a workman
or any agreement for or award of compensation to a workman made
under the act is void as against the workman unless it is filed by the
employer in the office of the clerk of the district court of the county
where the accident occurred within sixty days after it is made.

Appeal from Reno district court; FRANK F. PRIGG, judge.
Opinion filed June 9, 1917.  Affirmed.

*C. M. Williams*, of Hutchinson, for the appellant.
*B. A. Earhart*, of Hutchinson, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.:  In this action Clarence H. Rodarmel asks
for compensation from his employer, The Carey Salt Com-
pany, for an accidental injury to his leg and hip received
while he was in the employment of the company.  More than
two months after the accident occurred the parties arrived at
an agreement and settlement of the compensation plaintiff

was to receive for his injury. Payment of the amount agreed upon was made and the following release was executed:

"Received of The Carey Salt Company $133.00 making in all, with the weekly payments received by me and the monies paid by The Carey Salt Company to the Stewart Hospital and Dr. Brownlee, $287.25, such being the final payment for compensation under Kansas workmen's compensation act and for all damage and injury from the accident which occurred to me August 13th, 1915, in the machine shop of The Carey Salt Company and while in their employ."

Afterwards he brought suit alleging that he had sustained a permanent injury; that an agreement had been made between them that defendant was to pay hospital and medical bills and compensation at $12 per week until he was able to resume work, plus $5 per week for his board during that time; that defendant had paid $133 as wages and board and $154.25 for hospital and medical bills, but that since that time no further payments had been made by defendant. The answer of the defendant set up the settlement, payment and release. In reply the plaintiff alleged that the defendant had not filed the agreement and release from liability with the clerk of the district court as required by the workmen's compensation act. The case was submitted to a jury and the court instructed that an agreement and release is not binding and effective unless it is filed in the office of the clerk of the district court within sixty days after it is made. It was conceded that the release executed was not filed as required by the act. The jury found that plaintiff was totally incapacitated for twenty-five weeks by reason of the injury, for which they allowed him nine dollars per week, and that thereafter there was partial incapacity for 104 weeks, and for that time they awarded him $4.50 per week.

The question presented on appeal is: Did the settlement and release conceded to have been legally made become a nullity through the failure of the defendant to file it with the clerk of the district court? The workmen's compensation act then in force provided that—

"It shall be the duty of the employer to file, or cause to be filed, every release of liability hereunder, every agreement for or award of compensation, or modifying an agreement for or award of compensation, under this act, if not filed by the committee or arbitrator, to which he is a party, or a sworn copy thereof, in the office of the district court in the

county in which the accident occurred within sixty days after it is made, otherwise it shall be void as against the workman" etc.   (Gen. Stat. 1915, § 5922.)

As will be seen, the provision covers every release of liability and every agreement for or award of compensation, and provides that if it is not filed in the office of the district court within sixty days after it is made it shall be void as against the workman.   Whether the purpose was publicity for the protection of the employee or security for employers or to serve some beneficial public purpose, it was competent for the legislature to provide that such releases and agreements should be made a matter of record.   In case it is not filed the agreement and release is ineffectual and the parties are set back where they were before a settlement was negotiated.   No rights are therefore sacrificed, and the requirement that it shall be filed of record is not a burdensome one.

We think the court ruled correctly, and therefore its judgment is affirmed.