No. 21,183.

GORDON DOTSON, *Appellee*, v. THE PROCTOR & GAMBLE MANU-FACTURING COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

COMPENSATION ACT—*Injuries—Voluntary Settlement—Written Release—Inadequate Compensation.* The workmen's compensation act (Laws 1911, ch. 218, and amendments, Gen. Stat. 1915, § 5896, *et seq.*) recognizes the legality of a voluntary settlement and release of a workman's claim against his employer for injuries sustained in the service of the latter; and, in the absence of fraud or mutual mistake, the satisfaction and release of such a claim, pursuant to such voluntary settlement, cannot be set aside on the ground of gross inadequacy of compensation, following *Odrowski v. Swift & Co.*, 99 Kan. 163, 162 Pac. 268; *Weathers v. Bridge Co.*, 99 Kan. 632, 162 Pac. 957.

Appeal from Wyandotte district court, division No. 1; ED-WARD L. FISCHER, judge. Opinion filed January 12, 1918. Reversed.

*J. K. Cubbison,* and *William G. Holt,* both of Kansas City, for the appellant.

*T. A. Milton, C. W. Prince, E. A. Harris, J. N. Beery,* and *J. E. Westfall,* all of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff, while employed by the defendant as a workman, received an accidental injury to his eyes. He received some medical attention from defendant's physician, and later he was paid the sum of $44.40 by defendant's cashier, L. A. Wickliffe, pursuant to the terms of a written instrument, which reads as follows:

"RELEASE.

"I, Gordon Dotson, of Kansas City, in the County of Wyandotte, and the State of Kansas, being of full age, in consideration of forty-four and

Dotson v. Manufacturing Co.

40⁄100 dollars ($44.40) and all medical fees to date to me paid by The Proctor & Gamble Manufacturing Company of Kansas City, Kansas, the receipt of which is hereby acknowledged, do hereby release and forever discharge the said The Proctor & Gamble Manufacturing Company from any and all claims, demands, actions and causes of actions of every name and nature which I now have or might have upon or against said The Proctor & Gamble Manufacturing Company and especially from all claims arising out of any and all personal injuries, damages, expenses and any loss or damage whatsoever, resulting or to result from an accident to me on or about the 28th day of October, 1915.

"It is distinctly understood and agreed that future employment forms no part of the consideration for this release whatever. . . .

(Signed)   GORDON DOTSON.

"I further state that no false statements of any kind were made to me and no inducements held out to me and I rely on no statements whatever in making this release and especially state that I do not rely on any statements made to me by any physician or surgeon concerning my condition.

"Witnessed by                      (Signed)   GORDON DOTSON.
    (Signed)   J. E. O'NEILL.
    (Signed)   GEO. S. McKEE.

"We hereby certify that the above and foregoing agreement was read to Gordon Dotson in our presence and he stated in our presence that he understood the conditions of said agreement and the statements contained therein.                   (Signed)   J. E. O'NEILL.
                                   (Signed)   GEO. S. McKEE."

[Followed by notary's certificate.]

Some time later plaintiff filed this action, setting up his injuries received while employed in a soap factory belonging to defendant, and reciting the pertinent facts, and alleging that both he and defendant were subject to the terms of the workmen's compensation act. He further alleged:

"Plaintiff further states that the said defendant has not made any agreement of settlement with the plaintiff, and that plaintiff has not offered or tendered any settlement concerning the amount of damages sustained by the plaintiff."

Defendant's answer pleaded satisfaction and release in accordance with the written instrument set out above. Plaintiff's reply alleged that the document read to him, and which he signed, purported to be a receipt for moneys paid to him for wages, and that he signed it on that understanding; and plaintiff denied that the document read to him was a release of all demands, and that he was defrauded and misled into signing it, and—

"Plaintiff further avers that said amount so paid plaintiff as afore-

said is utterly inadequate to operate as a legal satisfaction of plaintiff's claim."

The jury's general verdict was in favor of plaintiff, and judgment was entered in his behalf. The jury answered certain special questions submitted by the court:

"3. Did Mr. Wyckliffe make any false statements to plaintiff at the time of signing the release? No.

"5. Did Mr. Wyckliffe at the time of signing the release commit any act of fraud in order to procure the release? No.

"7. Was the release and all parts of it read to the plaintiff before he signed it? Yes."

The appellant chiefly complains of one of the instructions given by the court, and of the overruling of its motion for judgment on the special findings.

The criticised instruction reads:

"6. If you find from the preponderance of the evidence that said release was obtained by means of false representations, substantially as alleged in plaintiff's reply, or that the consideration thereof was grossly inadequate as compensation for the injuries sustained by plaintiff while in defendant's employ, then it will be your duty to determine whether or not the plaintiff was wholly or partially incapacitated from work as the result of the injury so received while in defendant's employ."

In justice to the trial court it should be mentioned that the decisions of this court on this point, *Odrowski v. Swift & Co.,* 99 Kan. 163, 162 Pac. 268, and *Weathers v. Bridge Co.,* 99 Kan. 632, 162 Pac. 957, were not handed down until after the instant case was tried below. In the Odrowski case it was distinctly declared that a voluntary settlement, release, and satisfaction of an injured workman's claim against his employer under the workmen's compensation act cannot be set aside merely because of the gross inadequacy of the amount paid by the employer to effect such settlement and release. While the rights of injured workmen and the liabilities of their non-culpable employers are defined by the statute, and certain modes of determining compensation for workmen's injuries are prescribed therein, those statutory modes of agreements and awards are not exclusive. Workmen are not in any respect under guardianship or other disability; they and their employers are free agents; they may release their employers from liability for injuries on any agreed terms satisfactory to both (*Coppage v. Kansas,* 236 U. S. 1); and where no fraud

has been practiced on the workman or on his employer, and no mutual mistake inheres in the contracts of settlement and release, the courts are bound to respect and enforce the settlements made by the parties, and are powerless to disturb such contracts of settlement. This subject was fully covered in the Odrowski case, and also in *Weathers v. Bridge Co.,* supra. It must therefore be held that the instruction given did not correctly state the law. In this case it would have required proof of fraud in addition to the mere inadequacy of compensation to vitiate the settlement and release—not simply a finding of inadequacy of the sum settled for. The instruction that a finding of fraud *or* inadequacy of compensation would warrant a verdict for plaintiff was erroneous. Appellee cites section 29 of the workmen's compensation act (Laws 1911, ch. 218, § 29, Gen. Stat. 1915, § 5923), which provides how the agreements and awards made in conformity with the act may be canceled. The section relates to the statutory agreements and awards made in conformity with the act, and is not pertinent here. The act recognizes the propriety, or legitimacy, of releases under ordinary principles of contracts, aside from the "agreements" and "awards" defined and regulated by the statute. (Gen. Stat. 1915, §§ 5917, 5922; *Odrowski v. Swift & Co.,* supra.) Appellee says that the release at issue is one at common law. That contention is partly correct. It was probably drawn with sufficient precision and comprehensiveness to satisfy the exactitudes of the common law, but it also shows incontestably that it was drawn to compose, satisfy, and release the very claim involved in this action; and it was duly filed in the office of the clerk of the district court, so the case of *Rodarmel v. Salt Co.,* 101 Kan. 141, 165 Pac. 668, is not pertinent. In *Weathers v. Bridge Co.,* supra, this court was able to give the injured workman another chance, by remanding his cause with instructions to permit him to amend his pleadings to show a mutual mistake of fact. Here, however, the findings of fact show that there was neither fraud nor mutual mistake. This conclusion requires that the judgment be reversed, and the cause remanded with instructions to enter judgment for defendant on the jury's special findings of fact. It is so ordered.