## STATE OF KANSAS

## JANUARY TERM, 1924

### PRESENT:

HON. WILLIAM A. JOHNSTON, CHIEF JUSTICE.
HON. ROUSSEAU A. BURCH,
HON. HENRY F. MASON,
HON. JOHN MARSHALL,
HON. JOHN S. DAWSON, } JUSTICES.
HON. W. W. HARVEY,
HON. RICHARD J. HOPKINS,

No. 24,967.

ISMERT HINCKE MILLING COMPANY, *Appellant*, v. JAMES ELLIS, *Appellee*.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. MC-CAMISH, judge. Opinion denying a rehearing and modifying former opinion filed April 22, 1924. (For original opinion of affirmance see 115 Kan. 431, 223 Pac. 274.)

*Edwin ·S. McAnany, Maurice L. Alden, Thomas M. Van Cleave,* all of Kansas City, and *Eldridge H. Henning,* of Chicago, Ill., for the appellant.

*J. H. Brady,* and *T. F. Railsback,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

MASON, J.: Under the compensation act a workman recovered the statutory minimum for permanent partial disability caused by the cutting of his thumb and two fingers. The employer on appeal urged that it was entitled to have the award canceled under the provision that "if the court shall find that the workman has returned to work for the same employer in whose employ he was injured or for another employer and is earning the same or higher wages than he did at the time of the accident or injury . . the court may cancel the award and end the compensation." (R. S. 44-528.) The

judgment was affirmed on two grounds—that the language merely permitted and did not compel the cancellation of the award in the circumstances stated, and that it was not applicable because the section of which it is a part contains a proviso that it shall not apply to awards under the schedule of specific injuries. In the opinion it was said in effect that a minimum award for an injury resulting in permanent partial disability, not being based upon the difference between the amount of wages earned before and after the accident, should be treated as a scheduled injury. In a motion for a rehearing a reconsideration is asked especially with reference to the second ground above stated, because the effect of the ruling would be to cut off all judicial review of a minimum award for a permanent partial disability. The reasons for excepting awards for scheduled injuries from modification because of wages later received seem to apply with nearly or quite equal force to a minimum award for a permanent impairment of the workman's effectiveness, having no relation to the amount he had been earning. But a decision on that basis in the present case might result in unforeseen and undesirable effects upon the interpretation of other parts of the section, and to avoid that consequence what was said about its not being applicable is now withdrawn, and the affirmance is rested solely on the ground that the word "may" in the phrase "the court may cancel the award" does not have the force of "must."

With this modification of the opinion the motion for a rehearing is overruled.