No. 27,010.

ISAAC ALLEN, *Appellee*, v. THE KANSAS CITY FIBRE BOX
COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT — *Release and Settlement — Necessity of
Verification and Filing.* A written instrument reciting a contract of settle-
ment and release of a workman's claim against his employer for injury sus-
tained in the service of the latter, and specifying the sum of money received
by the workman in consideration therefor, is altogether void as a defense to
an action brought by the workman for compensation unless such written
instrument is verified by the workman and filed with the clerk of the district
court within 60 days after its execution in conformity with the statute, R. S.
44-527.

2. SAME—*Defenses to Claim—Effect of Return of Workman at Same or Better
Wages.* Rule followed that where a workman sustains an accidental injury
in his employer's service which results in a permanent partial disability, the
return of such workman to the service of his employer at the same or better
wages than he was receiving prior to his injuries, is not necessarily a bar to
his recovery of compensation under the workmen's compensation act.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER,
judge. Opinion filed December 11, 1926. Affirmed.

*J. K. Cubbison* and *William G. Holt,* both of Kansas City, Mo., for the ap-
pellant.

*J. H. Brady* and *T. F. Railsback,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action for compensation for an injury
to a finger sustained by plaintiff while employed in defendant's
factory.

Defendant pleaded a settlement and release, to which plaintiff
replied that he could neither read nor write, that he was over sixty
years of age and had no education, and that defendant's officers had
led him to believe he was merely making his mark on a voucher for
two weeks' compensation. He further replied that he was not ad-
vised that he was signing a release, nor had he any intention to do so,
and that any such release was procured from him by fraud. Plain-
tiff also alleged that defendant's physician assured him—

"That his injuries were slight and his finger would soon be well, . . . and
be as good as it ever was, and the plaintiff was ignorant . . . and believed

Workmen's Compensation Acts, C. J. pp. 55 n. 8, 95 n. 5; 17 A. L. R. 205.

Allen v. Kansas City Fibre Box Co.

the doctor knew what he was talking about, and that his finger would recover; and the plaintiff was mistaken, because said finger has never recovered, and said doctor was mistaken because said finger has never recovered."

The accident occurred on February 3, 1923. Plaintiff's finger was caught and mashed in some machinery. Defendant's physician dressed the finger. The so-called settlement and release was executed February 19, 1923, and the consideration therefor was $20.52. Shortly thereafter plaintiff returned to work and continued in defendant's employment for about a year, at which time he was discharged, and this action soon followed.

The trial court called an advisory jury of five persons who answered certain special questions and returned a verdict in favor of plaintiff for $2,469.49. Judgment was entered thereon, and defendant appeals, assigning various errors, but especially urging error in the attitude of the trial court towards the settlement and release. The trial court excluded it as evidence and instructed the jury to disregard it for the reason that it was not executed and verified by the plaintiff and filed with the clerk of the district court in compliance with the statute, R. S. 44-527. That statute reads:

"At the time of making any final payment of compensation, the employer shall be entitled to a final receipt for compensation, executed and acknowledged or verified by the workman, which final receipt may be in form a release of liability under this act, and every such final receipt for compensation or release of liability or a duly verified copy thereof shall be filed by the employer in the office of the clerk of the district court wherein the accident occurred, within sixty days after the date of execution of such final receipt or release of liability, and if the employer shall fail or neglect to so file such final receipt or release of liability, same shall be void as against the workman. The said clerk of the district court shall accept, receipt for, and file every award, agreement modifying an award, final receipt for compensation, or release of liability or verified copy thereof, without fee, and record and index same in a book kept for that purpose."

It is argued that this statute does not require the release or final receipt to be acknowledged or verified, that it merely says the employer shall be *entitled to* such a final receipt or release. But where such settlement and release is afterwards called in question in a lawsuit, it is to be regarded as a nullity unless verified by the workman and filed with the clerk of the court within 60 days after its execution. So reads the statute.

In the closely analogous case of *Rodarmel v. Salt Company*, 101 Kan. 141, 165 Pac. 668, a written instrument showing a settlement

and release was relied upon by an employer as a defense to a claim for compensation by an injured workman. The statute there considered (Gen. Stat. 1915, § 5922) provided:

"It shall be the duty of the employer to file or cause to be filed every release of liability hereunder, every agreement for or award of compensation, or modifying an agreement for or award of compensation, under this act, if not filed by the committee or arbitrator, to which he is a party, or a sworn copy thereof, in the office of the district court in the county in which the accident occurred within sixty days after it is made, otherwise it shall be void as against the workman. The said clerk shall accept, receipt for, and file any such release, agreement or award, without fee, and record and index it in the book kept for that purpose. Nothing herein shall be construed to prevent the workman from filing such agreement or award."

In construing that statute this court said:

"As will be seen, the provision covers every release of liability and every agreement for or award of compensation, and provides that if it is not filed in the office of the district court within sixty days after it is made it shall be void as against the workman. Whether the purpose was publicity for the protection of the employee or security for employers or to serve some beneficial public purpose, it was competent for the legislature to provide that such releases and agreements should be made a matter of record. In case it is not filed the agreement and release is ineffectual and the parties are set back where they were before a settlement was negotiated. No rights are therefore sacrificed, and the requirement that it shall be filed of record is not a burdensome one." (p. 143.)

It seems imperative that the rule there announced be applied here; and this conclusion necessarily disposes of certain dependent and related propositions argued by defendant. The final receipt for compensation and release of liability which we have here to consider, being "void as against the workman" as the statute declares, it becomes obvious that a valid, oral settlement of an injured workman's claim and his employer's liability therefor which would be binding on the workman cannot be effected if the workman chooses to repudiate it. The statute also defines the employer's right and prescribes his precautionary duty—the right to a verified receipt in the form of a release of liability under the compensation act, but to render such receipt and release effective it must be filed with the clerk of the court within sixty days. It thus becomes needless to discuss the academic question whether a mutual mistake of fact of sufficient gravity to vitiate a contract of settlement of a claim for compensation can arise from the mere opinion of a physician concerning the future condition of an injury. But see *Tucker v. Atch-*

*ison, T. & S. F. Rly. Co.*, 120 Kan. 244, 243 Pac. 269.   Nor need we now consider whether an action can be maintained for compensation without a second demand after one demand has been made and a *valid* settlement is effected in consequence, and where pursuant thereto the workman returns to his employment for the space of a year.

It is finally urged that there was error in an instruction which declared that if plaintiff had sustained a permanent partial disability as a direct and natural result of the accident in his employer's service, he would be entitled to a minimum allowance of $6 per week for eight years (416 weeks) less the $20.52 admittedly received.   The exact sum awarded by the verdict and judgment was determined in accordance with that instruction.   But defendant argues that it failed to take into account the fact that plaintiff earned regular wages in his master's service for about a year following his injury, and it contends that some deduction should be made from its statutory liability on that account.   Not necessarily.   Substantially the same point was pressed in *Gailey v. Manufacturing Co.*, 98 Kan. 53, 157 Pac. 431, where it was held:

"An employee partially incapacitated by an injury from performing his labor does not lose his right to compensation under the workman's compensation act by remaining in the employment of his master at his former wages." (Syl. ¶ 2.)

To the same effect were: *Dennis v. Cafferty*, 99 Kan. 810, 163 Pac. 461; *Sauvain v. Battelle*, 100 Kan. 468, 164 Pac. 1086; *Hood v. Transit Co.*, 106 Kan. 76, 186 Pac. 977; *Chance v. Coal & Mining Co.*, 108 Kan. 121, 193 Pac. 889; *Milling Co. v. Ellis*, 115 Kan. 431, 223 Pac. 274; id. 116 Kan. 1, 225 Pac. 123.

The judgment is affirmed.