No. 27,526.

MARQUIS DE MILLSAP, *Appellee*, v. THE CENTURY ZINC COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

WORKMEN'S COMPENSATION ACT — *Installment Award — Redemption by Payment of Lump Sum — Six-month Period Dates from Award.* Under the workmen's compensation act where an award of compensation is made in a lump sum for the amount due at the time of the award, and that the remainder of the compensation shall be thereafter paid in installments for a specified time, the employer is not entitled to redeem from his liability for the remainder of the compensation by the payment to the workman of a lump sum equal to eighty per cent of the unpaid installments until six months after the award is made.

Appeal from Cherokee district court; FRANK W. BOSS, judge. · Opinion filed May 7, 1927. Affirmed.

*C. E. Rumery*, of Baxter Springs, for the appellant.

*I. N. Kuhn*, of Columbus, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this proceeding Marquis De Millsap recovered compensation as a workman upon a claim that is conceded to be governed by the workmen's compensation act. On the claim for compensation an arbitrator was agreed upon who tried out the questions submitted and upon the testimony found that De Millsap was injured in the defendant's mine when another employee working in the mine threw a piece of steel about ten feet long, weighing approximately ten pounds, so that the blunt end of the steel struck the workman's right leg about seven inches above the knee over the elastus external muscle; that as a result of the injury the nerves of the right leg became involved and the muscles of the thigh rigid and contracted; that the knee became slightly flexed or drawn so that the plaintiff could not extend it and was limited more than one-fourth in contracting it and approximately one-half in extending the leg; that the leg is painful and tender on pressure and the workman is unable to sit in one position more than a few minutes at one time because of cramping and pain, and further that it has

Workmen's Compensation Acts, C. J. p. 102 n. 94; L. R. A. 1916A, 62; L. R. A. 1917D, 179; 28 R. C. L. 824.

De Millsap v. Century Zinc Co.

totally disabled the plaintiff from pursuing his usual employment, which was that of a steep nipper, and will totally disable him for a period of six months from July 13, 1926. Among other things it was found that at the time of his injury he was receiving $28.50 per week. There was a finding that compensation had been paid the workman by the defendant in the sum of $90, and also that the hospital bill and medical treatment for the first fifty days after the injury had been paid by the defendant. The arbitrator found that the defendant company should pay the plaintiff no compensation for the first week after the injury and should pay him for total disability from April 2, 1926, to January 3, 1927, or forty weeks and five days at the rate of $15 per week, a total of $610.70, less $90 already paid, leaving a balance due the plaintiff of $520.70. The award was to be paid in a lump sum from April 3, 1926, to July 13, 1926, $216.42, less $90 already paid, leaving $126.42, and the balance, $394.26, to be paid in installments at the rate of $15 per week. Pursuant to the award the defendant paid compensation at the rate of $15 per week until October 26, 1926, or a period of six months, two weeks and three days, and on October 28, 1926, the defendant tendered to appellee the sum of $135.40, being eighty per cent of the amount then remaining due under the award, and requested a final release from further liability. This request was refused and on October 28 the amount was deposited with the clerk of the district court for the benefit of appellee. The defendant then made application to the court for a final release and served notice thereof upon the plaintiff, fixing the time of hearing on November 29, 1926. On that date the matter was brought to the attention of the court and after arguments by counsel the matter was taken under advisement. Prior to that time and on November 9 the plaintiff filed in the case a petition to review and modify the award upon the ground that the disability of plaintiff had increased, and that petition was pending and undisposed of when the case came up for decision. On November 29, 1926, the court found and decided that compensation had been paid for the time and in the amounts stated, and that eighty per cent of the amount remaining due had been tendered and a final release from liability had been requested, but that in view of the fact that a petition for a review to modify the award had been filed by the plaintiff, and was still pending, the application of the defendant to be released was overruled. In the application to

review and modify the award, it was represented that the prediction of the arbitrator when the plaintiff's disability would cease, was wrong, that his disability has in no wise diminished but on the contrary had increased, and that the plaintiff was still totally disabled from performing labor of any kind, and that his condition at the present 'time indicates that he will be totally and permanently disabled from performing labor of any kind hereafter.

It will be observed that there has been an arbitration and an award of compensation in a lump sum prior to the time the award was made and further that the remainder was required to be paid in installments at the rate of $15 per week. The defendant contends that it is entitled to make a tender of payment and to secure a release by paying eighty per cent of the unpaid installments. It is insisted that this course was open to an employer at any time' after six months from the time of the injury. It appears that more than six months had elapsed between the time of the injury and the time in which the eighty per cent tender was made, but it also is shown that it was made less than six months after the award. The award was made by the arbitrator on July 26, 1926, and the tender was made October 26, 1926. A consideration of the tender and application for release was denied on November 29, 1926, and before that ruling was made the plaintiff had asked for a review and modification of the award. Was the defendant entitled to a release by payment in a lump sum of eighty per cent of the unpaid installments? The statute provides:

"Where payments under an award have been made for not less than six months, the liability under such award may be redeemed by the employer at his option by the payment to the workman of a lump sum equal to eighty per cent of the amount, of payments due and unpaid and prospectively due under the award, such amount to be determined by agreement, or, in default thereof, upon application of either party, upon notice to the other party by the judge of the district court having jurisdiction. Upon paying such amount, the employer shall be discharged of and from all further liability under said award." (R. S. 44-531.)

The statute indicates that the award is the point from which time is to be reckoned in making a redemption. The employer has the option to redeem from the liability where he has made payments for six months *under the award.* The extent of the liability is not determined until the award is made. The statute provides that the award must be in writing, must specify the amount due to the workman up

De Millsap v. Century Zinc Co.

to the time of the award, and also the payments thereafter to be made by the employer, and the length of time such payments shall continue. No award for payment of compensation in a lump sum is provided for except for such compensation as was found to be due and unpaid at the time of the award, and for any such payments made before the award credit is to be given to the employer. (R. S. 44-525.) These and other provisions of the act recognize that the time of award is controlling and that the employer must have made payments under and in pursuance of the award for six months before he is entitled to the right of redemption. (R. S. 44-523, 44-528, 44-529, 44-530 and 44-534.) The statute contemplates that in the time named a change of conditions of the workman may occur, that is, the disability for which an award is made may diminish or increase, so that either party may be warranted in asking for a review and modification of the award. As to this feature of the case it has been said:

"What effect an injury will have on capacity of work is necessarily a matter of prediction in most cases. The arbitrator's prediction may not accord with the facts disclosed by lapse of time. Capacity may increase or may diminish beyond what the award contemplated, and compensation should be adjusted accordingly. Therefore, review and modification of the award are provided for at the instance of either employer or employee. A modified award is still likely to rest on prediction, and if the prediction should prove to be wide of the truth, further adjustment to accord with the facts ought to be made." (*Corvi v. Crowe Coal & Mining Co.*, 119 Kan. 244, 247, 237 Pac. 1056.)

Such a review and modification may be made at any time before the final payment has been made. The right of redemption cannot be exercised by the employer until after payments have been made for a period of six months under the award. Payments made prior to the award cannot be said to have been made under and in pursuance of the award.

The judgment of the district court is affirmed.