No. 27,842.

JACK HARRIS, *Appellee*, v. THE SOUTHWESTERN MILLING COMPANY,
*Appellant*.

(263 Pac. 785.)

SYLLABUS BY THE COURT.

WORKMEN'S COMPENSATION ACT—*Release or Settlement—Necessity for Verification*. The decision in the case of *Allen v. Kansas City Fibre Box Co.*, 122 Kan. 178, 251 Pac. 191, as to the necessity of a receipt for compensation or release of liability under the workmen's compensation act being acknowledged or verified by the workman and filed by the employer, as provided in R. S. 44-527, followed, adhered to and approved.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed February 11, 1928. Affirmed.

*John E. McFadden, O. Q. Claflin, Jr.*, both of Kansas City, *E. H. McVey* and *Samuel R. Freet*, both of Kansas City, Mo., for the appellant; *Lester G. Seacat*, of Kansas City, Mo., of counsel.

*David F. Carson* and *Carl W. Fincke*, both of Kansas City, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is an appeal from the ruling of the trial court in sustaining a demurrer to a part of defendant's answer in a workmen's compensation case where the answer pleaded and set out at length an unacknowledged release of the workman. The defendant, by leave of court, filed an amended answer, adding reference to the decision in the case of *Allen v. Kansas City Fibre Box Co.*, 122. Kan. 178, 251 Pac. 191, construing R. S. 44-527, and alleged that if the construction given such section in the Allen case above cited is correct then that section is unconstitutional in that it violates the provision of the federal constitution with reference to impairing the obligation of contracts. The demurrer was again sustained to that part of the answer and the amendment thereto, from which ruling defendant appeals.

The question involved is fully and concisely stated by the appellant as follows:

"The sole question presented in this appeal is whether or not a release of liability under the workmen's compensation law, founded upon an adequate consideration and made in good faith, without fraud, mistake, undue influence

Workmen's Compensation Acts, C. J. p. 108 n. 91.

or other vitiating circumstances, and filed in the office of the district clerk of the proper county within the time required by the statute is void simply because it was not acknowledged or verified by the workman."

The appellant concedes that this is the same identical question that was involved in *Allen v. Kansas City Fibre Box Co.*, supra, in which the decision on this subject was as follows:

"A written instrument reciting a contract of settlement and release of a workman's claim against his employer for injury sustained in the service of the latter, and specifying the sum of money received by the workman in consideration therefor, is altogether void as a defense to an action brought by the workman for compensation unless such written instrument is verified by the workman and filed with the clerk of the district court within sixty days after its execution in conformity with the statute, R. S. 44-527." (Syl. ¶ 1.)

A court of appeals should always reëxamine any question previously decided when it is earnestly urged that the former decision may be erroneous, and especially when public interests are directly or indirectly involved. (*Lorimer v. Fairchild*, 68 Kan. 328, 75 Pac. 124; *Crigler v. Shepler*, 79 Kan. 834, 101 Pac. 619; *Riemann v. Riemann*, 124 Kan. 539, 262 Pac. 116.) The learned counsel for the appellant have submitted an exhaustive brief and have cited numerous authorities in support of appellant's view of the question. Our examination of these authorities has not been cursory or superficial but thorough and with the purpose of correcting the former ruling if convinced it was erroneous. The earnestness of counsel in their reasoning impels us to give the matter more thought and consideration than is usually possible for one case, but after our most careful and painstaking reëxamination of the subject we believe the construction given to the section under consideration in the former opinion was correct and the decision sound. No good purpose would be served by writing another opinion to the same effect. We adhere to and approve that opinion. As to the additional question of the statute with such interpretation being unconstitutional, we do not discern wherein it violates the obligation of contracts. We think the trial court was correct in sustaining the demurrer to that part of the answer and the amendment thereto.

The judgment is affirmed.