No. 27,935.

OLIVER BROWN, *Appellant*, v. THE DITTMAN-WACHTER COAL COMPANY, *Appellee*.

(267 Pac. 1000.)

Opinion filed June 9, 1928.

*Sylvan Bruner*, of Pittsburg, *O. C. Mosman*, *Clay C. Rogers* and *Paul A. Buzard*, all of Kansas City, Mo., for the appellant.

*C. O. Pingry*, *P. E. Nulton* and *G. L. Stevenson*, all of Pittsburg, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one under the workmen's compensation act. An award by an arbitrator in favor of plaintiff was set aside by the trial court, and plaintiff appeals.

The facts are substantially these: Plaintiff sustained injuries to his back April 23, 1920, and was incapacitated for some seven or eight weeks. On September 20, 1920, he returned to the mine and from that time continued to work until December 20, 1923, when he received a second injury. Between the dates of his first and second injuries he worked almost continuously. On April 19, 1922, he applied to the judge of the district court for the appointment of an arbitrator to determine compensation due him for the first injury. On May 27 following Hon. Arthur Fuller was appointed arbitrator, and certain questions referred to him. Nothing further was done in that matter until February 15, 1926, when plaintiff's attorney served notice upon defendant's attorneys that this claim for

compensation would be called up for hearing. A hearing was had before the arbitrator February 18, 1926. No appearance was made by the defendant, although plaintiff claimed that notice was given defendants through their attorneys.

On February 25, 1926, the arbitrator filed his award, by the terms of which plaintiff was found to be entitled to $15 per week for a period of twenty weeks from date of the injury, a total of $300, which had been paid; that plaintiff was further entitled to compensation for permanent partial disability at the rate of $7.50 per week for the full period of eight years after the expiration of the 20 weeks, which was from September 20, 1920, to April 23, 1928. In the meantime, between the appointment of the arbitrator in 1922 and the hearing in 1926, there was another arbitral proceeding between the same parties for the injury alleged to have occurred on December 20, 1923. The second application for the appointment of an arbitrator was filed February 27, 1924, and two days later Judge Fuller was appointed and directed to make findings. He did not act, and P. L. Zickgraf was appointed arbitrator and awarded compensation to plaintiff in the sum of $3,120, which was later reduced by consent of the parties to $1,200. Evidence was introduced in the case first filed at the hearing held February 19, 1926, but no reference was made to the second injury sustained by the plaintiff which had been arbitrated. Judge Fuller, as arbitrator, made an award but gave no credit for the compensation paid for the second injury. Defendant filed its petition for review of the award February 27, 1926, on the grounds that the arbitrator acted without authority, that the award was procured by fraud and undue influence, and that it was grossly excessive. On a hearing the court found that the arbitrator acted without authority and set aside and canceled the award. From this judgment the plaintiff appeals. The question presented involves a construction of R. S. 44-523, which provides that:

"The arbitrator . . . shall make and file an award . . . in the office of the the clerk of the proper district court within sixty days after the committee meets to consider the claim or after the selection of the arbitrator, and shall give notice of such filing to the parties by mail. The parties may agree in writing to extend the time for filing the award, and if so, the award shall be filed within such extended time as is so agreed upon. If any committee or arbitrator to whom a claim for compensation shall have been submitted shall fail or neglect to file its or his award within the time fixed . . . the court shall . . . order such committee or arbitrator to file such award within such

time as the court shall by such order fix which time shall in no case be greater than ten days."

The defendant contends that the award was void; that because of the nearly four years' lapse of time the arbitrator had no authority to make and file it; that the defendant did not waive the provision of law requiring the award to be filed within the specified time and did not consent thereto.

Considering the provisions of the statute above quoted (R. S. 44-523), and the various other provisions of the workmen's compensation act in reference to arbitration and award, we are of opinion that an arbitrator appointed by the court or judge does not have an unlimited time in which to file an award. We think it clear that the legislature intended to limit the time within which an award may be filed; that the arbitrator has sixty days only in which to act. The time may be extended by written agreement of the parties or by order of the court. In addition to the express provision specifying the time for filing are a number of provisions of the act which can become effective only after the filing of the award. For instance, the parties have the right to modify the award by a subsequent written agreement. (R. S. 44-526.) This agreement is void as to the workman unless filed in the office of the clerk of the district court in the county where the accident occurred within sixty days after the execution of such agreement. (R. S. 44-526; *Rodarmel v. Salt Co.*, 101 Kan. 141, 143, 165 Pac. 668; *Allen v. Kansas City Fiber Box Co.*, 122 Kan. 178, 251 Pac. 191.) A final receipt for compensation is void as to the workman unless filed in the same office and within the same time after execution as the agreement to modify the award. (R. S. 44-526.) The workman has the right after the award is filed to apply to the court for a lump sum equal to 80 per cent of the unpaid award. (R. S. 44-529.) The employer has the right, after paying on the award for six months, to redeem it by paying 80 per cent of the payments due and unpaid. (R. S. 44-531.) Redemption cannot be made until six months after the filing of, and payment of, award. (*De Millsap v. Century Zinc Co.*, 123 Kan. 570, 256 Pac. 136.) Either party may have a review of the award and have it modified, increased or diminished. (R. S. 44-528.) None of these things can be done until the award is filed. The purpose of the workmen's compensation act is to speed up the

procedure, and if the workman is entitled to compensation to have it paid him without unnecessary delay.

We conclude that if the arbitrator does not file an award within sixty days after his appointment, and the time is not extended by agreement of the parties or order of the court, or the parties do not by their acts waive the time for filing the award, any award filed thereafter is of no effect.

The judgment is affirmed.