No. 42,263

(WILLIAM J. LUTZ) VIVIAN LOUISE LUTZ, Individually and as Natural Guardian of PAMELA ANN LUTZ, a Minor [Substituted Claimants], *Appellants*, v. F. P. GEHRING CONTRACTOR-BUILDER, INC., and TRAVELERS INSURANCE COMPANY, *Appellees*.

(366 P. 2d 281)

Opinion filed November 10, 1961.

*Charles Rooney, Sr.,* of Topeka, argued the cause, and *Charles Rooney, Jr.,* of Topeka, was with him on the briefs for the appellants.

*Steadman Ball,* of Atchison, argued the cause, and *J. W. Lowry, William E. Stillings,* and *Robert D. Caplinger,* all of Atchison, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, C. J.: This case stems from a claim made under the Workmen's Compensation Act. The facts may be briefly stated.

The claimant, William J. Lutz, met with an accidental injury on February 21, 1958, which arose out of and in the course of his employment with the respondent, F. P. Gehring Contractor-Builder, Inc. The relationship of employer and workman existed at the time of the accident and the parties were governed by the terms of the Workmen's Compensation Laws of Kansas.

The claimant died on May 16, 1959, from causes unrelated to the injury under consideration. The claimant's widow and infant daughter, as sole heirs, were substituted as claimants.

The Examiner found in part as follows:

". . . that as a direct result of said accidental injury, the claimant, William J. Lutz, suffered a compensable temporary total disability for a period of 33.29 weeks from February 28, 1958, (1 week after the accidental injury) to October 20, 1958, followed by a 20 per cent permanent partial general bodily disability for a period not to exceed 381.71 weeks. Temporary total compensation in the amount of $1,131.72 has been heretofore paid. Compensation now due and owing the substituted claimants for a period of 29.71 weeks from October 20, 1958, to May 16, 1959, (the date of death of William J. Lutz) in the sum of $249.56 should be paid in one lump sum."

During the course of the hearing before the Examiner the appellants, substituted claimants, introduced evidence tending to show an agreement between the claimant and an adjuster of the employer's insurance carrier, also a respondent, to the effect that the claim would be settled on the basis of the written report of Dr. M. E. Pusitz whenever that report was received. The appellants contend that the claimed agreement had the dignity and force of a judgment and that at the time of claimant's death he had a vested interest in the weekly allowance for permanent partial disability for 381.71 weeks which was due him and is now payable to his dependents direct.

The adjuster for the respondent insurance company took the witness stand and flatly denied making any such agreement.

On this issue the Examiner found:

"It is further found that there was no agreement between the respondent and the deceased, nor between the respondent's insurance carrier and the deceased,

*concerning the settlement of this case.* Even if the evidence was sufficient to find there was an agreement to settle this case, there is not one iota of evidence showing that it was to be settled in one lump sum. Therefore, the substituted claimants are only entitled to compensation that was due and payable to the claimant, William J. Lutz, at the time of his death, which was $249.56. (152 Ks. 558)." (Emphasis supplied.)

In the journal entry of the district court on appeal from the award it is stated:

". . . the findings made by the Commissioner are sustained, affirmed and adopted·as the findings of this Court."

The findings, which are supported by evidence, dispose of this question on appeal. In the recent case of *Love v. Kerwin,* 187 Kan. 760, 359 P. 2d 881, it is said:

"Before turning to the evidence upon the above question, we must observe again that, under the well known rule of law announced in the workmen's compensation act, this court has no jurisdiction over questions of fact on appeals under the act. (G. S. 1959 Supp., 44-556; *Cross v. Wichita Compressed Steel Co.,* 187 Kan. 344, 356 P. 2d 804; *Grow v. Musgrove Petroleum Corp.,* 184 Kan. 800, 339 P. 2d 75; *Allen v. Goodyear Tire & Rubber Co.,* 184 Kan. 184, 334 P. 2d 370; *Heer v. Hankamer Excavating Co.,* 184 Kan. 186, 334 P. 2d 372.) . . ." (p. 761.)

We adhere to the pronouncement that the weight to be given evidence is for the district court. It having been found that there was no agreement it is neither necessary nor required that we here consider the effect of an agreement, such as is claimed by appellants, under the Workmen's Compensation Act.

The judgment is affirmed.