No. 48,833

ALDEN BITNOFF, *Appellant,* v. SOUTHWEST RENDERING and HAWK-
EYE-SECURITY INSURANCE COMPANY, *Appellees.*

(573 P.2d 1033)

Opinion filed
January 21, 1978.

*Robert L. Bates,* of Great Bend, argued the cause and was on the brief for appellant.

*Thomas L. Toepfer,* of Hays, argued the cause and *Tom Kelley,* of Hays, was with him on the brief for appellees.

The opinion of the court was delivered by

HOLMES, J.: This is an appeal under the Workmen's Compensation Act from an order of the district court refusing to set aside a settlement agreement, final receipt and release of liability.

On August 27, 1974, appellant Bitnoff suffered an accidental injury within the terms of the Act. A settlement was effected and a Form D settlement agreement, final receipt and release of liability was executed by appellant and filed with the director November 5, 1974. Over sixteen months later, in March, 1976, appellant filed an application for compensation and a motion to set aside the prior agreement, receipt and release. The examiner found that under K.S.A. 44-527 the motion and application were filed out of time. The director reversed the examiner and directed the examiner to conduct a full hearing and take evidence. On appeal the district court reversed the director and reinstated the examiner's finding that the motion and application were filed out of time.

Bitnoff appeals to this court and alleges that due to certain actions of the employer and the insurance company, they should be estopped from asserting the provisions of K.S.A. 44-527 and his claim should be heard on the merits. The matter comes to this court upon an agreed statement of facts and record. There are no allegations of fraud or misrepresentation in the record and none were claimed in the original motion, which, omitting formal parts, is as follows:

"Comes now the claimant and moves the Director to set aside the Form D Release taken and entered in this matter based upon his injury August 27, 1974, for the reason that additional medical treatments were necessary and a permanent disability resulted from the accident."

### K.S.A. 44-527 provides:

"At the time of making any final payment of compensation, the employer shall be entitled to a final receipt for compensation, executed and acknowledged or verified by the workman, which final receipt may be in form a release of liability under this act, and every such final receipt for compensation or release of liability or a copy thereof shall be filed by the employer in the office of the director within sixty (60) days after the date of execution of such final receipt or release of liability, and if the employer shall fail or neglect to so file such final receipt or release of liability, the same shall be void as against the workman.

"The director shall accept, receipt for, and file every agreement, finding, award, agreement modifying an award, final receipt for compensation or release of liability or copy thereof, and record and index same, and every such agreement, finding, award, agreement modifying an award, final receipt or release, shall be considered as approved by the director and shall stand as approved unless said director shall, within twenty (20) days of the date of the receipt thereof, disapprove same in writing and notify each of the parties of his disapproval, giving his reasons therefor, sending a copy of the same to each of the parties by registered mail: *Provided, No proceedings shall be instituted by either party to set aside any such agreement, release of liability, final receipt for compensation or agreement modifying an award, unless such proceedings are commenced within one (1) year after the date any such agreement, release of liability, final receipt for compensation or agreement modifying an award has been so filed and approved by the director.*" (Emphasis supplied)

### Rule 51-3-4 adopted by the Workmen's Compensation Director provides in part:

". . .

"The director rules that when an accidental injury or disability from occupational disease occurs which is covered by the act, and a written demand is made by the workman as prescribed by law, and compensation is paid by settlement agreement, and final receipt and release of liability is executed by the workman to the employer or carrier therefor, *an action by the claimant to set aside the settlement agreement, final receipt and release of liability and to have his claim redetermined must be brought within one (1) year after the approval of the settlement agreement, final receipt and release of liability by the director, or such action is barred.*" (Emphasis supplied)

Appellees assert that based upon the act and rules of the director the examiner is without jurisdiction or authority to set aside a Form D release after one year from the time of its filing with the director. Appellant, on the other hand, asserts that the examiner should have conducted a full evidentiary hearing on all

issues involving his claim, including evidence as to the cause of any delay in filing his motion to set aside the release.

"Our decisions are replete that the Workmen's Compensation Act undertook to cover every phase of the right to compensation and of the procedure for obtaining it, which is substantial, complete and exclusive, and we must look to the procedure of the act for the methods of its administration." *Bushman Construction Co. v. Schumacher,* 187 Kan. 359, 362, 356 P.2d 869, and decisions cited therein.

Under the facts and circumstances in this case, we hold that appellant's motion to set aside the settlement agreement, final receipt and release of liability was not timely filed and is barred by K.S.A. 44-527.

The judgment of the district court is affirmed.