(606 P.2d 501)

No. 51,372

SHIRLEY A. BARNCORD, Dependent Widow of Elmer E. Barncord, Jr., Deceased, on behalf of herself and as Mother, Natural Guardian and Next Friend of ELMER E. BARNCORD III, and LORI ANN BARNCORD, Minor Dependent Children of Elmer E. Barncord, Jr., Deceased, *Claimants-Appellants,* v. KANSAS DEPARTMENT OF TRANSPORTATION and STATE SELF-INSURANCE FUND, *Respondent and Self-Insured-Appellees,* and WORKMEN'S COMPENSATION FUND, *Appellee.*

Opinion filed February 15, 1980.

*Reginald LaBunker,* of McCullough, Wareheim & LaBunker, of Topeka, and *John M. Ostrowski,* of Lawrence, for claimants-appellants.

*John C. Peterson,* of Topeka, for respondent and self-insured-appellees, and *Michael J. Unrein,* of Davis, Unrein & Hummer, of Topeka, for Workmen's Compensation Fund, appellee.

Before PARKS, P.J., ABBOTT and SWINEHART, JJ.

ABBOTT, J.: This is a workers' compensation case. The real issue presented in this appeal involves the question of whether pursuant to a settlement agreement there can be compensation due a claimant when no award for compensation had been entered prior to the death of claimant from causes unrelated to the injury under consideration.

The appellants are the widow and children (sole heirs) of the deceased claimant, Elmer E. Barncord, Jr. The claimant sustained injury on October 2, 1975, in the course of his employment with the Kansas Department of Transportation and never returned to work. Claimant had voluntarily been paid compensation from October 2, 1975, through January 17, 1978, by respondent. A hearing was held on February 3, 1978. Respondent agreed voluntarily to continue payments and the claim was continued in

order to allow the parties sufficient time to obtain and present medical testimony. There had never been an award of any kind or nature entered and all payments made were made on a voluntary basis. Prior to final submission of the claim to the examiner, claimant agreed to settle the claim with the Workmen's Compensation Fund which had been impleaded by the employer.

The proposed settlement in the amount of $18,000 plus medical expenses through February 23, 1978, was to have been presented to the director for approval on the afternoon of February 23, 1978. The attorney for the Workmen's Compensation Fund prepared a worksheet for settlement of the claim; however, the proposed settlement agreement was never submitted to the director for approval, as the claimant suffered heart failure that apparently was unrelated to the injury in question and died unexpectedly on the morning of February 23, 1978, the day of the proposed settlement. The Fund immediately tendered all money due the claimant for unpaid compensation covering the period of time prior to claimant's death. The parties agree that the claimant and the Fund had reached an oral agreement to settle the claim for $18,000 plus medical expenses through February 23, 1978. No documents were signed, although the Fund had prepared a proposed worksheet and delivered it to claimant's attorney.

After claimant's death, his widow and children were substituted as claimants. Claimants, pursuant to K.S.A. 1979 Supp. 44-512a, then served a demand letter on the Fund. The Fund did not honor the demand and a hearing was subsequently had before an examiner on May 15, 1978. The examiner found he did not have jurisdiction over questions involving Kansas law other than workers' compensation and, as the amount claimed was not due under the workers' compensation act, recovery was denied. Director's review was requested and held and the examiner's order sustained. The District Court of Shawnee County affirmed the director's decision, and claimants have appealed.

K.S.A. 1979 Supp. 44-510e(*b*) provides:

"If a workman has received an injury for which compensation is being paid him, and his death is caused by other and independent causes, any payment of compensation already due him at the time of his death and then unpaid shall be paid to his dependents directly or to his legal representatives if he left no dependent, *but the liability of the employer for the payments of compensation not yet due at the time of the death of such workman shall cease and be abrogated by his death.*" (Emphasis supplied.)

The Fund takes the position that, since the oral settlement agreement had not yet been approved pursuant to K.S.A. 44-527 and K.A.R. 51-3-1 at the time of claimant's death, the settlement was not yet due and owing at the time of his death by reason of the well-established rule that the workers' compensation act covers every phase of the right to compensation and of the procedure for obtaining it, which is substantial, complete and exclusive, and that we must look to the procedure of the act for methods of its administration. *E.g., Bitnoff v. Southwest Rendering,* 223 Kan. 334, 336, 573 P.2d 1033 (1978).

K.S.A. 44-521 sets out the pertinent statutory authority regarding settlement agreements:

"Compensation due under this act may be settled by agreement; subject to the provisions contained in section 27 [44-527] of this act."

### K.S.A. 44-527 states:

"At the time of making any final payment of compensation, the employer shall be entitled to a final receipt for compensation, executed and acknowledged or verified by the workman, which final receipt may be in form a release of liability under this act, and every such final receipt for compensation or release of liability or a copy thereof shall be filed by the employer in the office of the director within sixty (60) days after the date of execution of such final receipt or release of liability, and if the employer shall fail or neglect to so file such final receipt or release of liability, the same shall be void as against the workman.

"The director shall accept, receipt for, and file every agreement, finding, award, agreement modifying an award, final receipt for compensation or release of liability or copy thereof, and record and index same, and every such agreement, finding, award, agreement modifying an award, final receipt or release, shall be considered as approved by the director and shall stand as approved unless said director shall, within twenty (20) days of the date of the receipt thereof, disapprove same in writing and notify each of the parties of his disapproval, giving his reasons therefor, sending a copy of the same to each of the parties by registered mail: *Provided,* No proceedings shall be instituted by either party to set aside any such agreement, release of liability, final receipt for compensation or agreement modifying an award, unless such proceedings are commenced within one (1) year after the date any such agreement, release of liability, final receipt for compensation or agreement modifying an award has been so filed and approved by the director."

### K.A.R. 51-3-1 currently provides that:

"Compensable cases may be determined and terminated only by four (4) modes of procedure under the act:

"(a) By filing a settlement agreement, final receipt of and release of liability with the director.

"(b) By hearing and written award.

"(c) By joint petition and stipulation subject to 51-3-16.

"(d)  By settlement hearing before an examiner."

K.A.R. 51-3-1 sets out the exclusive methods by which compensation may be paid, and none of them had been completed here when claimant died.

Claimants argue that the proposed oral settlement agreement itself was a valid contract and that the filing and approval requirements of K.S.A. 44-527 and K.A.R. 51-3-1 are nothing more than administrative formalities which do not destroy the efficacy of the contract. Claimants rely on the often-quoted rules of construction in workers' compensation cases that the act is to be construed liberally with a view to protecting workers (*e.g., Thuillez v. Yellow Transit Freight Lines,* 187 Kan. 618, 358 P.2d 676 [1961]), and also on a number of cases where contracts were considered in workers' compensation cases. We have read each of the cases cited by claimants, and while space will not permit us to comment on each of them, we do offer comments on what appears to us to be the principal cases relied on by claimants.

Our examination of *Dotson v. Manufacturing Co.,* 102 Kan. 248, 169 Pac. 1136 (1918), and *Odrowski v. Swift & Co.,* 99 Kan. 163, 162 Pac. 268 (1916), convinces us that those decisions must be viewed in the limited context of defining whether a release fell within the confines of the statute then in effect which allowed a court to cancel an agreement entered into by reason of fraud or undue influence. In addition, the question before us is further distinguishable because the current worker's compensation act requires approval of "every agreement . . . or release of liability." K.S.A. 44-527. To accept claimants' interpretation of *Dotson* and *Odrowski* would effectively prevent any interference with the parties' oral contract for settlement of a workers' compensation claim and would render the statutes allowing disapproval of such agreements by the director meaningless, a construction not in the best interest of the worker and contrary to legislative intent.

Claimants also rely on a statement from *Drennon v. Braden Drilling Co., Inc.,* 207 Kan. 202, 208, 483 P.2d 1022 (1971):

"The section of the workmen's compensation act pertaining to procedure is K.S.A. 44-523. It provides in part that the director or court in a workmen's compensation proceeding shall not be bound by technical rules of procedure, and that they shall act reasonably without partiality. The fair implication of the workmen's compensation act is that any procedure which is appropriate and not prohibited may be employed. [Citation omitted.]"

In *Drennon,* the Court held the fact that the Kansas workers' compensation act was silent on the subject of voluntary dismissals does not preclude such a procedure from being utilized where appropriate. In the case at bar, however, the statute is not silent; it *requires* the approval of a settlement agreement.

Claimants also contend that even should the statutes apply, they are merely procedural formalities and do not affect the efficacy of the agreement in relation to K.S.A. 1979 Supp. 44-510e(*b*). This precise issue has never been decided by a Kansas appellate court. Claimants argue that the Kansas Supreme Court recognized that principle in *Lutz v. Gehring Contractor-Builder, Inc.,* 188 Kan. 690, 366 P.2d 281 (1961). In *Lutz,* the claimant's widow and child (sole heirs) claimed the respondent and respondent insurance carrier had agreed to settle a workmen's compensation claim with the decedent prior to the decedent's death from natural causes before the settlement was approved. The Court, however, avoided determination of the issue, because the examiner and the district court both found no evidence that an agreement between the parties had been reached, stating:

"We adhere to the pronouncement that the weight to be given evidence is for the district court. It having been found that there was no agreement it is neither necessary nor required that we here consider the effect of an agreement, such as is claimed by appellants, under the Workmen's Compensation Act." (188 Kan. at 692.)

Although no case on point has been decided, the statute and its interpreting administrative rules shed light on the legislative intent of the approval requirement. K.S.A. 44-521 allows settlement by agreement *subject to* the provisions of K.S.A. 44-527 which requires the filing, recording and approval of all such agreements. The twofold purpose of the statute was explained in K.A.R. 1975 Supp. 51-3-2:

"The settlement agreement, final receipt and release of liability is made up in a form prepared for the purpose of aiding the director in determining if proper compensation has been paid, and in order that the settlement may be disapproved if proper compensation has not been paid. The information is also used for statistical purposes. . . .

. . . . .

"K.S.A. 44-527 provides in substance that the employer is entitled to a final receipt for the compensation paid at the time of final payment and that such final receipt shall be filed in the office of the director within sixty (60) days after its execution. The intent and purpose of these two (2) sections is that the director have the opportunity of passing upon the settlement agreement made under K.S.A. 44-521, and the amount of compensation paid . . . ."

K.S.A. 44-527 creates a presumption of approval by stating that agreements not disapproved within twenty days of their receipt will be considered approved. In the case at bar, however, to say that an agreement not approved by the director or an examiner is "already due" undercuts the purpose of the approval requirement, which is to ensure that no agreement is allowed unless the worker is provided fair and adequate compensation.

Authorities from other jurisdictions are of limited use in statutory interpretation in workers' compensation cases due to the variance in workers' compensation acts in each state. General rules, however, have been noted by several commentators. 3 Larson, Workmen's Compensation Law § 82.60 (1976) states:

"If the statute requires that a settlement have Commission approval, a settlement lacking such approval amounts to nothing more than a voluntary payment of compensation. . . . [I]t does not give rise to an 'award' . . . ."

8 Schneider, Workmens Compensation Text § 1867 (1951), is in accord:

"An agreement for the compromise or settlement of a compensation claim is generally regarded as something more than an ordinary contract between individuals. Under the provisions of most of the Workmen's Compensation Acts, agreements to compromise or settle claims, until approved by a court or some other competent authority, lack contractual force even though the parties thereto have done all that would be necessary to constitute a binding contract between them under the law of contracts."

8 Schneider, Workmens Compensation Text § 1870 (1951) is more specific:

"Under the statutes of most states, compromise agreements must be approved by either a court or some administrative authority of competent jurisdiction before it is valid and enforceable.

"The parties are not bound by an agreement as to compensation unless the agreement is properly approved in accordance with the statutory provisions. The assent of the board is required to the end that 'no injustice be done either party or the public.'

. . . . .

"It is held in New Jersey in accordance with the general rule that an agreement between the employer and employee is efficacious only when approved, and it is the duty of the commissioner to see that the rights of the employee are protected under such agreement. 'Once the litigants have appeared before the Deputy Commissioner and he has performed his duties there would seem to be no reason in public policy why such a settlement should not have the same effect as any judgment arrived at after a complete litigation of the issues.' It has also been held

that no matter what the parties may agree to in a proceeding for compensation, and no matter how final and conclusive their agreement may be in terms, 'it will have no binding effect at all without the approval of the bureau.' "

See also *Trahan v. Liberty Mutual Insurance Company,* 188 So. 2d 435 (La. App. 1966); *Coal Co. v. Comp. Com'r.,* 119 W. Va. 581, 195 S.E. 528 (1938).

We conclude that the settlement amount was not due claimant as of the date of his death for the reason that it had not yet been presented to the director in a form recognized by statute, and it thus became abrogated by virtue of K.S.A. 1979 Supp. 44-510e(*b*).

As a result of our holding, it is not necessary to consider claimants' other contention that the Fund could be assessed a penalty pursuant to K.S.A. 1979 Supp. 44-512a, which in any event appears to be controlled by *Hall v. City of Hugoton,* 2 Kan. App. 2d 728, 587 P.2d 927 (1978).

Affirmed.