No. 51,372

SHIRLEY A. BARNCORD, Dependent Widow of Elmer E. Barncord, Jr., Deceased, on behalf of herself and as Mother, Natural Guardian and Next Friend of ELMER E. BARNCORD, III, and LORI ANN BARNCORD, Minor Dependent Children of Elmer E. Barncord, Jr., Deceased, *Claimants-Appellants,* v. KANSAS DEPARTMENT OF TRANSPORTATION and STATE SELF-INSURANCE FUND, *Respondent and Self-Insured-Appellees,* and WORKMEN'S COMPENSATION FUND, *Appellee.*

(613 P.2d 670)

Opinion filed July 18, 1980.

*Reginald LaBunker,* of McCullough, Wareheim & LaBunker, of Topeka, and *John M. Ostrowski,* of Lawrence, argued the cause for claimants-appellants.

*John C. Peterson,* of Topeka, argued the cause and was on the brief for respondent and self-insured-appellees, and *Michael J. Unrein,* of Davis, Unrein & Hummer, of Topeka, argued the cause and was on the brief for Workmen's Compensation Fund, appellee.

*Per Curiam:* We have carefully reviewed the record and the issue raised in this case, and we conclude that the decisions of the trial court and of the Court of Appeals were legally and factually correct.

We adopt the opinion of the Court of Appeals, *Barncord v. Kansas Dept. of Transportation,* 4 Kan. App. 2d 368, 606 P.2d 501 (1980).

The judgments of the Shawnee District Court and the Court of Appeals are affirmed.

HERD, J., dissenting: I respectfully dissent. The worker and the Fund had reached a compromise settlement of the worker's claim. The only act remaining to consummate the settlement, when Elmer E. Barncord, Jr. died, was a friendly suit with the routine approval of the Worker's Compensation Director. I view the contract as binding, conferring vested rights in the settlement agreement to the worker. The Director's role in workers' settlements is similar to the role of a district judge in settlements with minors, that of protecting the worker. The settlement was in the worker's best interest and was entitled to the approval of the Director. I would reverse the judgment of the trial court.