No. 41,267

IRENE HOUSE, *Appellee,* v. CHARLES O. GREER and LAVON GREER, d/b/a Ottoway Cafe, and MANUFACTURERS CASUALTY INSURANCE COMPANY, *Appellants.*

(331 P. 2d 289)

Opinion filed November 8, 1958.

*Lawrence M. Walker,* of Pittsburg, argued the cause, and *Wilbert W. Phalen,* of Pittsburg, was with him on the briefs for the appellants.

*Morris Matuska,* of Pittsburg, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal in a workmen's compensation case in which the commissioner made an award for compensation to appellee, the claimant, against appellants, the employers and respondent insurance carrier, and on appeal therefrom by respondents, the district court affirmed the award of the commissioner and also granted an award for future medical care.

Claimant, who was a widow fifty-six years old, had had an oversized left leg since birth. She had worked at her employers' place of business, the Ottoway Drive Inn cafe since 1952 as a daytime

cook. She worked from 6:00 a. m. to 1:30 or 2:00 p. m. preparing food for the evening trade which began about 5:00 p. m. except on Sunday when it began at noon. On December 20, 1956, as she was finishing her work, and in the presence of another woman employee, claimant caught her right toe in a floor mat which caused her to stumble and fall to the concrete floor. She struck her right knee, left shoulder and landed on her back and the back of her head. She was dazed but was not rendered unconscious. When her employer, Mr. Greer, came to work at 1:00 p. m., she informed him of her fall and injury but he testified that he did not attach any importance to it. Claimant worked for two days after the fall and the cafe was then closed for the Christmas holidays and remained closed until January 5, 1957. She returned to work at that time but she continued to have pain in her back, left shoulder, and right leg which she called to Greer's attention but he ignored her. He testified that she had discussed her disability and social security with him and he thought her disability was from natural causes. He had told her he thought she could get disability under social security. On February 5, 1957, she told Greer that she was having difficulty doing her work due to pain and she would have to quit because of her condition. He asked and she agreed to stay and train a replacement. The first trainee stayed about three weeks. Claimant continued on and another trainee was on the job for about three weeks in March. In the first part of April, Greer allowed claimant to work Tuesdays and Sundays until her employment was terminated on April 21, 1957. During the two training periods three women worked and drew full wages for work which claimant and one other woman had done from 1952 until about February 5, 1957. During April, 1957, for a period of two or three weeks claimant worked in the cafe only two days a week for which she was paid full wages and her meals. After termination of the employment on April 21, 1957, claimant told Greer she needed help and asked him about getting some insurance money. On July 11, 1957, claimant served a written compensation claim on Greer by registered mail and on September 5, 1957, he made his employer's report of the accident of December 20, 1956, to the workmen's compensation commissioner. The remainder of the evidence was conflicting and only parts of it will be mentioned.

The commissioner on March 27, 1958, awarded compensation for total disability wherefrom respondents appealed which resulted in

the district court finding generally for claimant. It found that voluntary informal payments for compensation for the accidental injury had been made to claimant by respondents in April, 1957, and that claimant had made due and proper written claim for such injury upon respondents on July 11, 1957, which was in time. Compensation was allowed in the sum of $19.50 per week for not to exceed 415 weeks from April 28, 1957, and since this was an extreme case, an amount of $2,500 for future medical expense was also allowed.

. From the record it cannot be disputed that claimant suffered injury as the result of an accident arising out of and in the course of her employment and that she notified Greer thereof on the same day, December 20, 1956, which was within ten days. Claimant testified that she so told Greer, and he admitted that she did, but that he had not attached any importance to it.

As to the money she received for her services from February 5, 1957, until the first part of April, 1957, claimant testified that it was compensation connected with light work while Greer testified that it was wages but admitted that three women were paid full salary for the same work which had previously been done by two women. In appeals in compensation cases where the trial court makes findings of fact, this court is not concerned therewith if there is any evidence, even though conflicting, upon which the trial court's findings can be predicated. The only question for this court to determine on review is whether the trial court properly applied the law to its findings of fact. A very comprehensive and detailed discussion of this court's appellate jurisdiction in workmen's compensation cases is set forth in *LaRue v. Sierra Petroleum Co.,* 183 Kan. 153, 155 *et seq.,* 325 P. 2d 59.

Since there was evidence, though conflicting, upon which the trial court could predicate its finding of voluntary informal payments of compensation in April, 1957, to claimant by Greer for the accidental injury which arose out of and in the course of the employment (Kansas Law Review, vol. 4, No. 2, p. 325, *et seq.,* Dec., 1955) and since it is conceded that such voluntary informal payments would extend the time for serving the written claim for compensation upon the employer, then our only alternative is to affirm the trial court's judgment.

We are not unmindful of Greer's argument or the cases of *Rupp v. Jacobs,* 149 Kan. 712, 88 P. 2d 1102, and *Pittman v. Glencliff*

*Dairy Products Co.*, 154 Kan. 516, 119 P. 2d 470, but a careful study thereof discloses nothing in conflict with or repugnant to the LaRue case.

The judgment is affirmed.