## No. 31,002.

L. A. Gregg, *Appellant,* v. The American Walnut Lumber Company and The Consolidated Underwriters, *Appellees.*

(19 P. 2d 463.)

Opinion filed March 11, 1933.

*James L. Hogin* and *C. Clyde Myers,* both of Kansas City, for the appellant.

*Edwin S. McAnany, Maurice L. Alden, Thomas M. VanCleave,* all of Kansas City, and *Con Murphy, Jr.,* of Kansas City, Mo., for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action for workmen's compensation and to set aside a release on the ground that it was fraudulently obtained. Judgment was entered refusing to set aside the release and denying compensation. The workman appeals.

Claimant was struck by a piece of lumber thrown from a saw which he was operating. This happened on March 12 or 13, 1931. He left work on March 20, 1931, saying he was sick. On March 24 he underwent an operation. He returned to work May 11, 1931. On May 12 his physician signed a report stating that in his judgment claimant would be able to resume work on May 29 and was capable of doing the same work as before the accident. On May 29, 1931, the insurance carrier paid claimant $162 compensation, and claimant executed and acknowledged a release. It is this release that claimant seeks to set aside in the present action.

The grounds upon which it is sought to set aside this release are that it was obtained by fraud and misrepresentation. On the hearing before the commissioner claimant testified that a representative of the insurance company told him that he had talked to the commissioner of workmen's compensation and that official had said that claimant was entitled to only $162 and that he could take that or nothing. He testified that he believed the representative of the insurance company was telling the truth, and that this caused him to sign the release. The question of whether the release should be set aside is one of fact. (See *Remy v. Packing Co.*, 90 Kan. 224, 133 Pac. 707.) All the direct evidence that was introduced at the hearing on this question was that of claimant, which has just been detailed. The argument of claimant is that because the testimony above detailed was not contradicted the release should have been set aside as a matter of course. The commissioner was not bound to believe the testimony of claimant, even though it was not contradicted. (See *Weber Implement & A. Co. v. Dubach*, 132 Kan. 309, 295 Pac. 979.) There were circumstances which justified the commissioner and the court in arriving at the conclusion reached. The burden of proof rested on claimant.

"If a release has been given, the workman knows the burden rests on him to get it out of the way before he can recover compensation. . . ." (*Tidwell v. Schaff*, 114 Kan. 255, 259, 217 Pac. 702.)

Claimant testified that no one asked whether he had recovered from his injury, and that the man who took the release from him asked whether he was able to do his work again and claimant said, "I told him I didn't know whether I was or not." It also appeared that claimant had been working almost three weeks before the release was executed; that he was paid for the three weeks' work $28, $33.60 and $28 per week respectively, and that he worked for a number of weeks after his return to work. The record is that claimant talked to the insurance people in the morning, went away and then came back in the afternoon and signed the release. He was earning at that time practically as much as he had been earning before the injury. The amount paid him under the release was more than his compensation would have amounted to had it been calculated at that time. All these circumstances were no doubt considered by the commissioner and by the court in making the findings of fact that the release was not obtained by fraud and misrepresentation. We cannot say that there was no substantial evidence upon which they were based.

Even though the commissioner reached the conclusion just discussed as to the release, he permitted the introduction of evidence on the question and considered and decided whether claimant's disability was due to accidental injury arising out of and in the course of his employment. This question was decided against the claimant. The commissioner in making his findings stated that the contention of claimant that his disability was the result of the accidental injury was problematical and conjectural. Claimant argues that is a conclusion of law and was error. We have concluded that it was a finding of fact. It amounts to a finding that claimant had not sustained the burden of proof which the law imposes upon him.

The accident happened on March 12 or 13. Claimant did not leave work for eight days. He said, "I am just so sick I have to go home." When he went to the hospital there was no external evidence of trauma. One doctor, who attended him, did not know whether claimant had infection or a chancroid. Another doctor testified positively that claimant suffered from a chancroid ulcer. It is admitted that claimant had indulged in sexual intercourse about two weeks before admission to the hospital. The evidence of all the doctors was that chancroid is contracted by sexual intercourse and that one is much more apt to become infected if there

has been an abrasion of the skin. All these circumstances were considered by the commissioner. The claimant himself could not testify that his condition was due to the blow he received from the stick of wood. He could not know. An examination of the record convinces us that to hold otherwise than as the commissioner held would have been engaging in speculation and conjecture.

Claimant complains because the commissioner stated that he was of the opinion from an examination of the medical field that the history of claimant's condition from the beginning was characteristic of chancroid infection. It is argued that this means that the commissioner considered evidence extraneous to the record. It would be strange if one whose duty it is to decide such questions would not use every means possible to equip himself to decide them intelligently.

Claimant also complains about a statement of the commissioner that the failure to secure laboratory proof of chancroid infection (*bacillus ducrey*) does not disprove chancroid, as this germ is frequently not demonstrated. Claimant maintains that there was no evidence whatever to justify such statement. Suffice it to say that the two doctors so testified. Other errors urged by claimant are not deemed of sufficient importance to be discussed in this opinion.

The judgment of the trial court is affirmed.