No. 39,601

GEORGE E. McDONALD *(Claimant), Appellee* and *Cross-Appellant,* v. JOHN W. RADER and JOSEPH S. McDONALD, d/b/a DAVEY & RADER, C. P. A. *(Respondent),* and HOME INDEMNITY COMPANY (Insurance Carrier), *Appellants* and *Cross-Appellees.*

(277 P. 2d 652)

Opinion filed December 11, 1954.

*C. Thomas Carr,* of Kansas City, Missouri, argued the cause, and *Walter Fuller, Jr.,* of Kansas City, and *Tucker, Murphy, Wilson* and *Siddens,* of Kansas City, Missouri, were with him on the briefs for the appellants.

*William E. Carson,* of Kansas City, argued the cause, and *J. O. Emerson,* of Kansas City, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This is a workmen's compensation case. The claimant recovered in the proceeding before the Compensation

Commissioner and in the district court, where the findings and award of the Commissioner were adopted and approved. The respondent, employer, and the insurance carrier appeal. The claimant perfected a cross-appeal which has since been abandoned and requires no consideration.

At the outset appellee challenges the right of appellants to be heard on the basis their sole specification of error contains nothing more than a mere statement that the judgment and award below are erroneous. We do not agree. Resort to such specification of error discloses it states the "findings and judgment are not supported by substantial competent evidence as shown by the record." The language just quoted is entitled to far greater import than appellee seeks to give it. Indeed it raises a question of law (*Holler v. Dickey Clay Mfg. Co.*, 157 Kan. 355, 139 P. 2d 846) this court is required to determine under the statute (G. S. 1949, 44-556).

Omitting portions relating to compensation and expenses, found to be due under the Workmen's Compensation Act, the all decisive finding made by the Commissioner in making his award, which was subsequently adopted and approved by the trial court in rendering its judgment, reads:

"The Examiner finds that claimant met with personal injury by accident on March 17, 1953; that the accident consisted of claimant stumbling over an object on the sidewalk and falling, striking his left side; that the accident arose out of and in the course of his employment with the respondent, and that as a result of the accident of March 17, 1953, claimant suffered a bruised left arm which resulted in claimant having an aggravation of a pre-existing condition of arteriosclerosis, hastening the arteriosclerotic process so that an embolus developed, causing claimant to have a stroke on March 30, 1953, with partial paralysis of his left side, leg and arm. He finds that as a result of said accident and injuries claimant has been temporarily totally disabled from performing work from March 17, 1953, to May 29, 1953, and has suffered a 50 per cent permanent partial disability of the body as a whole, . . ."

The only question raised on appellate review is whether there is substantial competent evidence as shown by the record to support the foregoing finding. Stated more specifically the essence of all contentions advanced by appellants is that the record discloses no substantial competent evidence of any causal connection between the stroke of March 30, 1953, and the accident occurring some two weeks prior thereto, on March 17, 1953.

The rule in this jurisdiction, so often repeated as to hardly require reference to our decisions, is that it is the function of a trial court to pass upon the facts in a workmen's compensation case and that under G. S. 1949, 44-556 this court is limited on appellate review to "questions of law" which in final analysis, simply means that its duty is to determine whether the trial court's factual findings are supported by any substantial competent evidence. For our latest pronouncement on the subject see *Silvers v. Wakefield*, 176 Kan. 259, 270 P. 2d 259, where, along with citation of numerous applicable decisions, it is said:

"Under G. S. 1949, 44-556, appellate jurisdiction of this court in compensation cases is confined to reviewing questions of law only. In doing so, it is necessary to determine whether the record contains any evidence which tends to support the judgment rendered, and in so considering, this court is required to view all testimony in the light most favorable to the prevailing party below. If when so considered, the record contains any evidence which supports the trial court's judgment, that judgment must be affirmed; being conscious at all times of the fact that this court has little concern with disputed questions of fact in ordinary lawsuits and none whatever in workmen's compensation cases, except to ascertain whether the record contains any evidence which on any theory of credence would justify the trial court's findings or conclusion of fact."

Mindful of our duty under the foregoing rule we turn to the record for the purpose of determining whether the evidence most favorable to appellee is sufficient to support and sustain the award. As we do so we find statements by the appellee in substance to the effect he sustained a fall on March 17, 1953, which injured his left arm to the extent that thereafter and prior to March 30, 1953, the date on which he concededly suffered a stroke, he could not use or raise his arm and that the condition of such arm remained about the same after the stroke as it was between the date of the accident and the stroke. He further testified that prior to the accident he had not had any physical disability that he knew of, except for being in the hospital in 1946 for a mild case of sinus trouble.

Appellee's wife testified he had never been able to raise his left arm, only just a very little, since the date of the accident.

Turning to the medical testimony Dr. J. G. Evans, one of appellee's witnesses, who appears to have been a very fair and impartial witness, testified that prior to the accident appellee was suffering from arteriosclerosis and in response to a question whether

he thought the fall on March 17, 1953, could have aggravated that pre-existing condition he answered "Yes, sir, I do." In addition, after stating "the stroke may have been produced by emboli, thrombosis, or hemorrhage," he stated "this accident would predispose to emboli, . . ." Finally, upon re-direct examination when asked· whether the emboli he spoke of was caused by this trauma or fall he answered "Yes, that is, it could be directly or indirectly. It may have come as a result of fat emboli, or even thrombi, or even bacteria from his left shoulder; or else if he had, as I have suggested previously, had a bad heart, had small blood clots or emboli on his heart valve, and they become loose, any of those may produce a cerebral emboli."

In connection with the testimony of the last witness it should be pointed out our decisions (See West's Kansas Digest, Workmen's Compensation, § 556 and Hatcher's Kansas Digest [Rev. Ed.], Workmen's Compensation, § 16) universally hold that accidental injuries are compensable where an accident only serves to aggravate or accelerate an existing disease or intensifies the affliction.

It may be conceded the record discloses much evidence which, if it had been accepted by the tribunal vested by statute with the duty of weighing the evidence and determining its weight, would have warranted a finding in accord with appellants' view of the evidence. Nevertheless in the face of the testimony, to which we have heretofore referred, we do not believe it can be said there is no substantial competent evidence of record to support the finding of the Commissioner and the trial court that the accident on March 17, 1953, resulted in appellee having an aggravation of a pre-existing condition of arteriosclerosis which hastened the arteriosclerotic process so that an embolus developed, causing appellee to have a stroke on March 30, 1953, which resulted in a partial paralysis of his left side, leg and arm. Therefore, under the rule and the decisions to which previous reference has been made, we are constrained to conclude appellants' position there was no causal relation between the accident and the stroke cannot be upheld and that the trial court's judgment must be affirmed.

It is so ordered.