No. 40,810

FLORENCE KAFKA, Widow, and FLORENCE KAFKA, Guardian of DWIGHT MARTIN KAFKA and DONNA LEE KAFKA, Minors, *Appellants*, v. D. I. EDWARDS, d/b/a EDWARDS TRUCKING SERVICE, *Respondent*, FIREMEN's FUND INDEMNITY COMPANY, Insurance Carrier, *Appellees*.

(322 P. 2d 785)

Opinion filed March 8, 1958.

*George R. Lehmberg*, of McPherson, argued the cause, and *J. R. Rhoades*, of McPherson, was with him on the briefs for the appellant.

*Donald R. Newkirk*, of Wichita, argued the cause, and *Homer V. Gooing*, *Wayne Coulson*, *Paul R. Kitch*, *Dale M. Stucky*, *Robert J. Hill*, *Gerrit H. Wormhoudt*, *Theodore C. Geisert*, *Philip Kassebaum*, and *Hugo T. Wedell*, of Counsel, all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, C. J.: This is a workmen's compensation case arising from the death of Martin W. Kafka, a cattle truck driver, whose death occurred from coronary thrombosis or coronary occlusion on December 5, 1955, within a few minutes from the time he had loaded his truck with cattle, driven it some three hundred feet away from the loading chutes, left the truck, and then walked back, approximately one hundred fifty feet, toward such chute.

The proceeding was instituted by Florence Kafka, hereinafter referred to as the claimant or appellant, as widow and guardian of the decedent's two minor children, against D. I. Edwards, d/b/a Edwards Trucking Service, the employer, and Firemen's Fund Indemnity Company, the insurance carrier.

In submitting the cause to the Commissioner, the parties stipulated the only questions in issue were (1) whether decedent met with personal injury by accident on the date in question, (2) whether his accidental injury arose out of and in the course of his employment, and (3) the amount of compensation due if any. A hearing on these controverted issues resulted in an award to claimant, and the respondent and its insurance carrier appealed to the district court.

After a hearing in district court in conformity with the provisions of Laws of 1955, Chapter 250, Section 10, now G. S. 1957 Supp., 44-556, the district court found:

"That the deceased workman, Martin W. Kafka did not suffer any accident or injury while in the course of his employment, and further that the deceased at the time of his death was not doing anything except the ordinary work which his employment required him to do."

and rendered judgment accordingly. Thereupon the claimant perfected this appeal.

Because it has a direct bearing on other contentions advanced by appellant we are forced at the outset to dispose of one contention made by her in advance of the order in which it was presented.

Conceding the last portion of the findings above quoted is a finding of fact, appellant strenuously argues that the language "That the deceased workman, Martin W. Kafka did not suffer any accident or injury while in the course of his employment," appearing in such findings is a conclusion of law, hence it is the function and obligation of this court to pass upon that finding as a legal conclusion instead of determining its sufficiency as a finding of fact under well-established rules of this court to which we shall presently refer. The question thus raised lacks merit and cannot be upheld. Indeed it has been disposed of contrary to appellant's position by numerous decisions of this court.

See, e. g., *Gregg v. American Walnut Lbr. Co.*, 137 Kan. 201, 19 P. 2d 463, where it is held:

"The question whether the disability of the workman is due to an accident arising out of and in the course of his employment is a question of fact, and when once determined by the commissioner of workmen's compensation and

the district court, it will not be disturbed by this court where there is substantial evidence to sustain it." (Syl. ¶ 2.)

A more recent decision, wherein like contentions were made with respect to similar findings, is *Aguilera v. C. & S. Well Service,* 178 Kan. 545, 289 P. 2d 1062, where it is said:

"Appellant properly points out that the only question presented to the district court on the appeal taken from the award was whether the deceased workman sustained an injury arising out of and in the course of his employment. The claimed injury was the sustaining of a heat stroke which caused death, and reference will be made later to the evidence bearing thereon. She then argues that the conclusions made by the district court were of law and not of fact. . . .

"Appellant's contention that the findings and conclusions reached by the district court are of law and not of fact cannot be sustained. The statute pertaining to appeals in Workmen's Compensation proceedings (G. S. 1949, 44-556), provides that any party to the proceeding may appeal from any award of the Compensation Commissioner to the district court 'upon questions of law and fact as presented and shown by a transcript of the evidence and proceedings as presented, had and introduced before the commissioner.' On the hearing of that appeal the district court determines the facts, and the conclusions it reaches thereon are of fact and not of law. . . .

"It was the duty of the district court to make an examination of the proceedings before the Compensation Commissioner upon questions of law and of fact as presented by the transcript, and after concluding what the facts were, to apply the law thereto. A different rule applies when an appeal is taken to this court from any finding or order of the district court, the same statute as is noted above limiting our review to questions of law. We examine the record as it reaches us only to determine if there is evidence, whether opposed or not, warranting the conclusions and findings of fact made by the district court. We are not concerned with evidence from which a contrary conclusion might have been drawn (citing cases)." (pp. 546, 547.)

For other decisions of like import see *Miller v. K. S. Flint Rig Co.,* 155 Kan. 66, 122 P. 2d 734; *Meredith v. Seymour Packing Co.,* 141 Kan. 244, 40 P. 2d 325.

Having established that we are here concerned with an appeal from *findings of fact* made by a district court in a workmen's compensation proceeding the next step is to determine the jurisdiction and function of this court upon appellate review of those decisions.

For our latest reported decision, dealing with the subject just mentioned, see *Madison v. Key Work Clothes,* 182 Kan. 186, 318 P. 2d 991, where it is said:

"The jurisdiction of the supreme court on appeal in a workmen's compensation case is specifically limited to the determination of questions of law. As to questions of fact this court reviews the record only to determine whether it

contains substantial evidence to support the trial court's finding, and in so doing, all the evidence is reviewed in the light most favorable to the prevailing party below. If substantial evidence appears such finding is conclusive and will not be disturbed on review. (*Fitzwater v. Boeing Airplane Co.*, 181 Kan. 158, 309 P. 2d 681.) The latest application of the rule is found in *Wilbeck v. Grain Belt Transportation Co.*, 181 Kan. 512, 313 P. 2d 725; and *Murray v. Ludowici-Celadon Co.*, 181 Kan. 556, 313 P. 2d 728.)" (p. 189.)

See, also, *McDonald v. Rader*, 177 Kan. 249, 277 P. 2d 652, which holds:

"In an action under the Workmen's Compensation Act it is the function of the trial court to pass upon the facts and its factual findings cannot be disturbed on appellate review if they are supported by any substantial competent evidence.

"Whether the judgment of the trial court in such an action is supported by substantial competent evidence is a question of law as distinguished from a question of fact." (Syl. ¶¶ 1, 2.)

And where, in elaboration of the same subject, it is said:

"The rule in this jurisdiction, so often repeated as to hardly require reference to our decisions, is that it is the function of a trial court to pass upon the facts in a workmen's compensation case and that under G. S. 1949, 44-556 this court is limited on appellate review to 'questions of law' which in final analysis, simply means that its duty is to determine whether the trial court's factual findings are supported by any substantial competent evidence . . ." (p. 251.)

And see *Angleton v. Foster Wheeler Construction Co.*, 177 Kan. 134, 276 P. 2d 325, which holds:

"The supreme court of this state is not vested with original jurisdiction in workmen's compensation cases, its jurisdiction on review being limited entirely to questions of law.

"On review this court is not concerned with findings made by an examiner and approved by the workmen's compensation commissioner, or with testimony which might support findings contrary to those made by the district court. Our sole function is to determine whether the record contains substantial competent evidence to support findings made by the district court." (Syl. ¶¶ 3, 4.)

Many other decisions, where like rules are announced, discussed and applied, are to be found in our reports. For just a few of them see *Snedden v. Nichols*, 181 Kan. 1052, 1054, 317 P. 2d 448; *Wilbeck v. Grain Belt Transportation Co.*, 181 Kan. 512, 514, 313 P. 2d 725; *Beaver v. Tammany Industries*, 180 Kan. 440, 304 P. 2d 501; *Pinkston v. Rice Motor Co.*, 180 Kan. 295, 299, 303 P. 2d 197; *Silvers v. Wakefield*, 176 Kan. 259, 270 P. 2d 259, and the decisions there cited.

From what has been heretofore related it becomes obvious the all decisive question involved in this appeal is whether the record

discloses substantial evidence to sustain the previously quoted factual findings made by the trial court. We are not disposed to prolong this opinion by laboring the evidence adduced by the parties. It suffices to say that after a careful and extended examination of the entire record we are convinced it discloses sufficient competent evidence on which that tribunal, as was its province, could make such findings. That, under the decisions to which we have heretofore referred, means such findings cannot be disturbed and compels an affirmance of the judgment. This, we may add, must be our conclusion under the established law of this jurisdiction even though, as appellant contends and as we frankly concede, there is evidence of record which, if the trial court had seen fit to give it credence, would have supported contrary findings.

The judgment is affirmed.