No. 40,983

LaVern LaRue, widow and guardian of Elna A. LaRue, Donna J. LaRue, Thelma J. LaRue and Delwin L. LaRue, minor dependents of Arthur LaRue, Deceased, *Appellants*, v. Sierra Petroleum Company and The Travelers Insurance Company, *Appellees*.

(325 P. 2d 59)

Opinion filed May 10, 1958.

*C. K. Sayler*, of Topeka, argued the cause and *L. M. Ascough* and *John A. Bausch*, both of Topeka, and *D. A. Hindman* and *Stanley Krysl*, both of Stockton, were with him on the briefs for the appellants.

*Clayton S. Flood*, of Hays, and *William F. Schell*, of Wichita, argued the cause, and *E. C. Flood*, of Hays, and *George B. Collins, Oliver H. Hughes, Robert Martin, K. W. Pringle, Jr., Thomas M. Burns* and *George R. Docking*, all of Wichita, were with them on the briefs for the appellees.

The opinion of the court was delivered by

Parker, C. J.: This is a workmen's compensation case. The claimants appeal from a judgment denying compensation.

The proceeding was instituted by LaVern LaRue, hereinafter referred to as the claimant or appellant, as widow and guardian of the minor children of Arthur LaRue, deceased, against the employer, Sierra Petroleum Company, and its insurance carrier, Travelers Insurance Company.

In submitting the cause to the commissioner the parties stipulated the only controverted issues were: (1) Whether or not deceased's accidental death arose out of and in the course of employment with the respondent; (2) whether or not the claimant was wholly dependent upon the decedent for support; and (3) the amount of compensation due the claimant, if any. A hearing on such issues

resulted in an award to claimant and respondents appealed to the district court.

After a hearing in district court in conformity with the provisions of Laws of 1955, Chapter 250, Section 10, now G. S. 1957 Supp., 44-556, the district court found, among other things, that "the decedent's accidental death did not arise out of and in the course of his employment" and rendered judgment denying the claimant an award. This appeal followed.

The issues, to be presently discussed, will be simplified by a short factual statement, about which there can be no dispute, relating to events leading up to and resulting in the death of LaRue.

Sometime after 7:30 p. m. on the evening of June 15, 1956, Robert Delaney, a driller, and Arthur LaRue, a derrick man, who, as members of one of Sierra's drilling crews had just completed drilling a well for Sierra, near Windom, and were scheduled to report for work the next day at a new Sierra well location, four miles south of Moundridge in Harvey County, decided to leave Lyons, where they had been staying, for the purpose of going to their respective homes. LaRue lived at Stockton and Delaney at Woodston. Both towns were located slightly more than one hundred miles from Lyons and the Windom well location. After reaching this decision they started toward their homes in an automobile owned and driven by Delaney, proceeding in a northwesterly direction until they reached U. S. Highway 24. They then proceeded west on such highway to a point approximately four miles west of Alton in Osborne County when, for some unexplained reason, at about 10:30 p. m., and after having driven more than one hundred miles from Lyons, the automobile, with Delaney still driving, left the road and crashed into a tree. As the result of this accident Delaney was slightly injured and LaRue sustained serious injuries which caused his death on the same evening.

In their presentation of the cause counsel for appellant frankly concede the only questions involved on appellate review are: 1. Did Arthur LaRue receive his fatal injuries as a result of an accident which arose out of or in the course of his employment, or [1½] whether his death occurred after leaving his duties of his employment. 2. Was the proximate cause of the collision killing Arthur LaRue the negligence of his employer even though he may have left the duties of his employment as defined by G. S. 44-508(K) 1949.

There can be no doubt that questions hereinabove denominated 1½ and 2 are pure questions of fact. Doubt might exist in the minds of some as to whether the question identified as (1) is in the same category but that too has been expressly decided by this court.

See, e. g., *Gregg v. American Walnut Lbr. Co.,* 137 Kan. 201, 19 P. 2d 463, where it is held:

"The question whether the disability of the workman is due to an accident arising out of and in the course of his employment is a question of fact, and when once determined by the commissioner of workmen's compensation and the district court, it will not be disturbed by this court where there is substantial evidence to sustain it." (Syl. ¶ 2.)

For another, and more recent decision of like import, see *Kafka v. Edwards,* 182 Kan. 568, 569, 322 P. 2d 785.

Having established that we are here concerned with an appeal from findings of fact made by a district court in a workmen's compensation proceeding we feel called upon to once again point out the jurisdiction and function of this court upon review of such findings in compensation cases.

For a comparatively recent decision dealing with the subject see *Silvers v. Wakefield,* 176 Kan. 259, 270 P. 2d 259, where it is said:

"Under G. S. 1949, 44-556, appellate jurisdiction of this court in compensation cases is confined to reviewing questions of law only. In doing so, it is necessary to determine whether the record contains any evidence which tends to support the judgment rendered, and in so considering, this court is required to view all testimony in the light most favorable to the prevailing party below. If when so considered, the record contains any evidence which supports the trial court's judgment, that judgment must be affirmed; being conscious at all times of the fact that this court has little concern with disputed questions of fact in ordinary lawsuits and none whatever in workmen's compensation cases, except to ascertain whether the record contains any evidence which on any theory of credence would justify the trial court's finding or conclusion of fact. (citing cases.)" (pp. 259, 260.)

Another recent decision is *Angleton v. Foster Wheeler Construction Co.,* 177 Kan. 134, 276 P. 2d 325, which holds:

"The supreme court of this state is not vested with original jurisdiction in workmen's compensation cases, its jurisdiction on review being limited entirely to questions of law.

"On review this court is not concerned with findings made by an examiner and approved by the workmen's compensation commissioner, or with testimony which might support findings contrary to those made by the district court. Our sole function is to determine whether the record contains substantial competent evidence to support findings made by the district court." (Syl. ¶¶ 3, 4.)

See, also, *McDonald v. Rader,* 177 Kan. 249, 277 P. 2d 652, where it is held:

"In an action under the Workmen's Compensation Act it is the function of the trial court to pass upon the facts and its factual findings cannot be disturbed on appellate review if they are supported by any substantial competent evidence.

"Whether the judgment of the trial court in such an action is supported by substantial competent evidence is a question of law as distinguished from a question of fact." (Syl. ¶¶ 1, 2.)

And where, in elaboration of the same subject, it is said:

"The rule in this jurisdiction, so often repeated as to hardly require reference to our decisions, is that it is the function of a trial court to pass upon the facts in a workmen's compensation case and that under G. S. 1949, 44-556 this court is limited on appellate review to 'questions of law' which in final analysis, simply means that its duty is to determine whether the trial court's factual findings are supported by any substantial competent evidence . . ." (p. 251.)

And, for one of our latest reported decisions dealing with the same subject, see *Madison v. Key Work Clothes,* 182 Kan. 186, 318 P. 2d 991, where it is said:

"The jurisdiction of the supreme court on appeal in a workmen's compensation case is specifically limited to the determination of questions of law. As to questions of fact this court reviews the record only to determine whether it contains substantial evidence to support the trial court's finding, and in so doing, all the evidence is reviewed in the light most favorable to the prevailing party below. If substantial evidence appears such finding is conclusive and will not be disturbed on review. (*Fitzwater v. Boeing Airplane Co.,* 181 Kan. 158, 309 P. 2d 681.) The latest application of the rule is found in *Wilbeck v. Grain Belt Transportation Co.,* 181 Kan. 512, 313 P. 2d 725; and *Murray v. Ludowici-Celadon Co.,* 181 Kan. 556, 313 P. 2d 728.)" (p. 189.)

In the instant case we are not limited to a single finding of fact such as was involved in *Kafka v. Edwards,* supra. Here the trial court not only found that the accidental death of the deceased workman (LaRue) was not due to an accident arising out of and in the course of his employment but it made other specific findings which, we pause to note, inhere in such over-all findings. These findings read:

"1. That the decedent was not furnished transportation by the respondent as a part of or as an incident of the employment.

"2. That the driller, Delaney, was not authorized by the respondent to furnish or provide transportation to the decedent as a part or as an incident of the employment.

"3. That the driller, Delaney, did not furnish and provide decedent transportation as a part of or as an incident of the employment, but rather the transportation was furnished purely as a personal matter between them and had nothing to do with respondent. Delaney merely intended the arrangement for transportation to be one of sharing rides with each other as they had done in the past when they worked together.

"4. The decedent was not under the direction and subject to the control of the respondent or of the driller, Delaney, or any one else after he left work at the well location, while on the trip home and at the time of his death.

"5. The trip home by the decedent, which was more than 100 miles from his place of work, was purely a personal mission having no connection with his employment and no work was being performed for the respondent and no benefit was received by it by reason of the trip home.

"6. That at the time of the accident the decedent was not moving to another location at the request of his employer, but rather he was going home after leaving the duties of his employment.

"7. That the proximate cause of the decedent's death was not the negligence of the respondent.

"8. That the driller, Delaney, was not acting as the agent of respondent and was not within the scope of his employment or under the control of the respondent at the time of the accident."

Many other decisions, where like principles are announced, discussed and applied, are to be found in our reports. For just a few of them see *Snedden v. Nichols,* 181 Kan. 1052, 1054, 317 P. 2d 448; *Wilbeck v. Grain Belt Transportation Co.,* 181 Kan. 512, 514, 313 P. 2d 725; *Fitzwater v. Boeing Airplane Co.,* 181 Kan. 158, 309 P. 2d 681; *Beaver v. Tammany Industries,* 180 Kan. 440, 304 P. 2d 501; *Pinkston v. Rice Motor Co.,* 180 Kan. 295, 299, 303 P. 2d 197; *Silvers v. Wakefield,* 176 Kan. 259, 270 P. 2d 259, and the decisions there cited.

In the face of the foregoing decisions and what has been heretofore related it is apparent the all decisive question involved in this appeal is whether the record discloses substantial evidence to sustain the factual findings made by the trial court. It would add nothing to our reports and we are not inclined to prolong this opinion by laboring the evidence adduced by the parties. It suffices to say that after a painstaking and extended examination of the entire record we are convinced such record discloses sufficient competent evidence on which that court could make each and every factual finding to which reference has been heretofore made in this opinion. That, under the decisions to which we have previously referred, means such findings cannot be disturbed and compels an

affirmance of the judgment. This, it may be added, must be our conclusion under the established law of this jurisdiction even though it be conceded, as appellant contends, the record discloses some evidence which, if the trial court had seen fit to give it credence, would have supported contrary findings.

The judgment is affirmed.