No. 41,264

DONALD D. HEER, *Appellant*, v. HANKAMER EXCAVATING COMPANY, and ALLIED MUTUAL CASUALTY COMPANY, *Appellees*.

(334 P. 2d 872)

Opinion filed January 24, 1959.

*George E. McCullough*, of Topeka, argued the cause, and *Robert L. Kimbrough* and *William L. Parker, Jr.*, of Topeka, were with him on the briefs for appellant.

*Harold E. Doherty*, of Topeka, argued the cause, and *James E. Benfer* and *Wayne Probasco*, of Topeka, were with him on the briefs for appellees.

The opinion of the court was delivered by

FATZER, J.: In this workmen's compensation case the commissioner found that claimant met with personal injury by accident

when he slipped on gravel and strained his back while helping put a wheel back on a motor grader, which arose out of and in the course of his employment with respondent, and was compensable. Upon appeal and review of the record, the district court found that claimant did not sustain accidental compensable personal injury on March 18, 1957, and the claimant has appealed.

The sole question presented for appellate review is whether there was sufficient competent evidence to support the district court's finding.

While this court is committed in a long line of decisions that our workmen's compensation statute is to be liberally construed with a view of making effective the legislative intent and not for the purpose of nullifying it, the question whether the disability of a workman is due to an accident arising out of and in the course of his employment is one of fact, and when determined by the district court, will not be disturbed upon appellate review where there is substantial evidence to sustain it. (*Burton v. Western Iron and Foundry Co.*, 173 Kan. 506, 249 P. 2d 688; *Shue v. LaGesse*, 173 Kan. 309, 245 P. 2d 966; *Barr v. Builders, Inc.*, 179 Kan. 617, 296 P. 2d 1106; *Kafka v. Edwards*, 182 Kan. 568, 322 P. 2d 785.) Upon such review, appellate jurisdiction is confined to questions of law only. (G. S. 1957 Supp. 44-556; *Coble v. Williams*, 177 Kan. 743, 747, 282 P. 2d 425; *Evans v. Board of Education of Hays*, 178 Kan. 275, 276, 284 P. 2d 1068; *Silvers v. Wakefield*, 176 Kan. 259, 270 P. 2d 259.) It has been held many times that in reviewing the record in a workmen's compensation case our task is to determine whether there is any evidence which supports the judgment rendered, which is required to be considered in the light most favorable to the prevailing party below, and, if there is any evidence to support the judgment it must be affirmed even though the record discloses evidence which might warrant the district court making a finding to the contrary. (*Barr v. Builders, Inc.*, supra; *Pinkston v. Rice Motor Co.*, 180 Kan. 295, 303 P. 2d 197; *Shobe v. Tobin Construction Co.*, 179 Kan. 43, 292 P. 2d 729.) Numerous decisions of like import will be found in 9 West's Kansas Digest, Workmen's Compensation, §§ 1940-1969, and 5 Hatcher's Kansas Digest (Rev. Ed.), Workmen's Compensation, § 153.

As indicated, the decisive question is whether the record discloses substantial evidence to sustain the factual finding of the district court. We are not disposed to extend this opinion by laboring the evidence of the parties. Suffice it to say there was some evi-

dence which, if believed, would warrant a reversal of this case, but upon a careful review of the record we find there was substantial testimony to sustain the district court's finding that the claimant did not sustain accidental compensable personal injury on March 18, 1957. As stated in *Allen v. Goodyear Tire & Rubber Co.*, 184 Kan. 184, 334 P. 2d 370, this day decided:

". . . It is not for us to say what testimony should be given credence and what evidence should be disbelieved. We have neither the duty nor the authority to weigh the evidence, and it is of no consequence that if we had been the triers of fact we might have reached a conclusion with respect to the facts different from that of the trial court. . . ."

Having reviewed the evidence and considered all the facts and circumstances in the light most favorable to the prevailing party below, as we are enjoined to do by the rule so often reiterated, we conclude there was substantial evidence to support the finding and judgment of the district court. The judgment is affirmed.

ROBB, J., dissents.