No. 41,236

ROY L. ALLEN, *Appellant,* v. THE GOODYEAR TIRE AND RUBBER COMPANY OF KANSAS, INC., and CONTINENTAL CASUALTY COMPANY, *Appellees.*

(334 P. 2d 370)

Opinion filed January 24, 1959.

*George E. McCullough,* of Topeka, argued the cause, and *Robert L. Kimbrough* and *William L. Parker, Jr.,* both of Topeka, were with him on the briefs for the appellant.

*Herbert A. Marshall,* of Topeka, argued the cause, and *Allen Meyers, Philip C. Gault, Doral H. Hawks* and *Turner M. Murrell,* all of Topeka, were with him on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This was a workmen's compensation case. The commissioner, in a well-reasoned and legally annotated opinion, found and concluded that claimant (appellant) met with personal injury by accident when he suffered a catch in his back as he was talking to his foreman, that the injury arose out of and in the course of his employment with respondent and claimant was entitled to compensation therefor. On review of the record of evidence taken by the commissioner, the trial court reversed and vacated the commissioner's award to claimant, finding that claimant had experienced a pain in his back, but concluding from the record that the pain experienced by claimant was not caused by any accidental injury received during the course of his employment on the date in question. Judgment was entered in favor of respondent (appellee), and claimant appeals.

The question to be determined in this case is whether there was sufficient competent evidence to support the trial court's findings and judgment.

The question of whether the disability of a workman is due to an accident arising out of and in the course of his employment is a question of fact and when determined by the district court will not be disturbed by this court, where there is substantial evidence to sustain it. (*Kafka v. Edwards,* 182 Kan. 568, 322 P. 2d 785, and cases cited therein.)

Under G. S. 1957 Supp., 44-556, the appellate jurisdiction of this court in compensation cases is confined to reviewing questions of law only. In doing so, it is necessary to determine whether the record contains any evidence which tends to support the judgment rendered, and in so considering, this court is required to view all testimony in the light most favorable to the prevailing party below. If, when so considered, the record contains any evidence which supports the trial court's judgment, that judgment must be affirmed, this court being conscious at all times of the fact that we have little concern with disputed questions of fact in ordinary lawsuits and none whatever in compensation cases, except to ascertain whether the record contains any evidence which on any theory of credence justifies the trial court's finding or conclusion of fact.

(*Rothman v..Globe Construction Co.*, 171 Kan. 572, 235 P. 2d 981; *Silvers v. Wakefield*, 176 Kan. 259, 270 P. 2d 259; *LaRue v. Sierra Petroleum Co.*, 183 Kan. 153, 325 P. 2d 59; *Burton v. Western Iron and Foundry Co.*, 173 Kan. 506, 249 P. 2d 688.)

In view of the foregoing, no useful purpose would be gained in narrating the evidence in the somewhat lengthy record taken in this case. Although there was disputed evidence as to how and when claimant's back injury developed, a careful examination of the record reveals sufficient testimony to sustain the trial court's findings and judgment. It is not for us to say what testimony should be given credence and what evidence should be disbelieved. We have neither the duty nor the authority to weigh the evidence, and it is of no consequence that if we had been the triers of fact we might have reached a conclusion with respect to the facts different from that of the trial court. It follows that the judgment of the trial court is affirmed.

It is so ordered.

ROBB, J., dissents.