No. 41,396

Dolah I. Grow, Widow; and Ethelyn Lee Grow, Minor, by Her Mother and Guardian, Ethel May Grow (Donald Thomas Grow, Deceased), *Appellants*, v. Musgrove Petroleum Corporation and Fidelity & Casualty Company of New York, *Appellees.*

(339 P. 2d 75)

Opinion filed May 16, 1959.

*Charles L. Buehler,* of Claflin, argued the cause, and *Tudor W. Hampton* and *Jerry M. Ward,* both of Great Bend, were with him on the brief for the appellants.

*Harry E. Robbins, Jr.,* of Wichita, argued the cause, and *Dwight S. Wallace, Donald C. Tinker, Jr.,* and *William C. Attwater,* all of Wichita, were with him on the brief for the appellees.

The opinion of the court was delivered by

JACKSON, J.: In this appeal, appellants seek review of the decision of the district court denying them an award under the workmen's compensation act based upon the death of Donald Thomas Grow, their husband and father, and the admitted employee of the appellee.

As stated above the workman was admittedly an employee of the respondent employer, and it is undisputed that he died due to a coronary thrombosis on one of the leases of his employer where he was employed as a pumper. Mr. Grow died late in the afternoon of July 12, 1957.

It was stipulated before the examiner for the workmen's compensation commissioner that the only questions in dispute were: (1) whether or not deceased met with personal injury by accident on the date alleged; (2) whether deceased's alleged accidental injury arose out of and in the course of employment with respondent; (3) what amount of compensation was due, if any, and what was the amount of medical and hospital expenses for which respondent was liable, if any.

After a hearing, the examiner found in favor of the claimants and that they were entitled to an award of $12,500 and other funeral and medical benefits. This award was duly approved by the workmen's compensation commissioner. On an appeal to the district court, the court after reviewing the transcript of the proceeding before the examiner, reversed the examiner's award upon the following pertinent findings of fact:

"2. That Donald Thomas Grow, deceased, did not meet with an accident resulting in his death on July 12, 1957.

"3. That deceased's death did not arise out of or in the course of his employment with the respondent.

"4. That the normal exertion of the claimant did not cause the coronary thrombosis."

Claimants appeal from those findings.

It must be noted that there is a difference between the authority

of the district court and the authority of this court in reviewing the transcript of the proceedings before the examiner. The district court is given power to review the record as to "questions of law and fact." (G. S. 1957 Supp. 44-556.) By the same section of the statute this court may only review as to "questions of law."

It may also be noted that normally where the district court has based its decision upon a written transcript, this court on review in accord with the ancient rule inherited from the courts of equity would treat the appeal as a trial *de novo*. (*Keimig v. Drainage District*, 183 Kan. 12, p. 16, 325 P. 2d 316.) It should be clearly understood that this is not the situation in an appeal in an action under the workmen's compensation act. Such an action is purely statutory, and is governed by the statute. (*Walters v. Greenland Drilling Co.*, 184 Kan. 157, Syl. ¶ 2, 334 P. 2d 394.)

Before leaving the workmen's compensation act, it would seem pertinent to note that this court has often stated the act was to be liberally construed to accomplish the legislative intent. In the comparatively late case of *Leslie v. Reynolds*, 179 Kan. 422, 295 P. 2d 1076, the opinion states:

"We pause here to note briefly two rules of this court which have been considered frequently and are well understood by courts and lawyers alike: (1) Our Workmen's Compensation statutes are to. be liberally construed with the view of making effective the legislature's intent and not for the purpose of nullifying it. (*Mendel v. Fort Scott Hydraulic Cement Co.*, 147 Kan. 719, 78 P. 2d 868; *Hilyard v. Lohmann-Johnson Drilling Co.*, 168 Kan. 177, 211 P. 2d 89; *Forcade v. List & Clark Construction Co.*, 172 Kan. 119, 238 P. 2d 549; *Sundgren v. Topeka Transportation Co.*, 178 Kan. 83, 283 P. 2d 444), but, this rule does not permit courts to enlarge upon its plain terms (*Roberts v. City of Ottawa*, 101 Kan. 228, 165 Pac. 869; *Everett v. Kansas Power Co.*, 160 Kan. 712, 716, 165 P. 2d 595); and (2) that the liability of an employer to an employee is a liability arising out of a contract between them and the terms of the statute are embodied in the contract (*Johnson, Guardian, v. Milling Co.*, 116 Kan. 731, 292 Pac. 859; *Baker v. St. Louis Smelting & Refining Co.*, 145 Kan. 273, 280, 65 P. 2d 284; *Ellis v. Kroger Grocery Co.*, 159 Kan. 213, 218, 152 P. 2d 860; *Dean v. Hodges Bros.*, 170 Kan. 333, 337, 224 P. 2d 1028)." (pp. 427-428.)

It must be assumed that the workmen's compensation commissioner and the district court will adhere to the liberal construction of the workmen's compensation act, but the question to be decided in this case is whether or not there was sufficient competent evidence to support the trial court's findings and judgment. The question of whether the disability of a workman is due to an accident arising out of and in the course of his employment is a question

of fact and when determined by the district court will not be disturbed by this court, where there is substantial evidence to sustain it (See *Allen v. Goodyear Tire & Rubber Co.,* 184 Kan. 184, 334 P. 2d 370; *Heer v. Hankamer Excavating Co.,* 184 Kan. 186, 334 P. 2d 372; and cases cited).

Since there is some substantial evidence in this record which supports the trial court's judgment, no purpose will be served in recounting the doings of Mr. Grow on the day of his death. It will be sufficient to note that a heart specialist testified as an expert for respondent and stated in substance that in his opinion a coronary artery disease caused the death; that considering the three hours of inactivity on the part of decedent prior to the fatal occurrence, it is extremely unlikely that any of decedent's activities of the fatal day caused or contributed to his death.

Although there was evidence to the contrary, the district court based its decision upon the above evidence. As said in the Allen case, *supra,* "we have neither the duty nor the authority to weigh the evidence." The judgment of the trial court must be affirmed. It is so ordered.

RoBB, J., dissents.