No. 42,078

Marvin C. Cross (Claimant), *Appellee,* v. Wichita Compressed Steel Company, Inc. (Respondent), and Bituminous Casualty Corporation (Insurance Carrier), *Appellants.*

(356 P. 2d 804)

Opinion filed November 12, 1960.

Robert J. Hill, of Wichita, argued the cause, and *Wayne Coulson; Paul R. Kitch; Dale M. Stucky; Donald R. Newkirk; Gerrit H. Wormhoudt; Philip Kassebaum; John E. Rees; Robert T. Cornwell;* and *Willard B. Thompson,* all of Wichita, were with him on the briefs for the appellants. *Hugo T. Wedell* and *Homer V. Gooing,* both of Wichita, of counsel.

Keith Sanborn, of Wichita, argued the cause and *Vincent L. Bogart,* of Wichita, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Parker, C. J.: This is a workmen's compensation case brought by Marvin C. Cross (hereinafter referred to as the claimant), to recover compensation for an alleged accidental back injury sustained on May 16, 1959, against Wichita Compressed Steel Company, Inc., his employer (hereinafter referred to as the respondent), and its insurance carrier, Bituminous Casualty Corporation.

The claimant recovered in the proceeding before the Compensation Commissioner and, on appeal, in the district court where the findings and award of the Commissioner were adopted and approved and judgment rendered accordingly. The respondent and insurance carrier appeal from such award and judgment.

Omitting portions relating to medical, hospital and other expenses, found to be due under the Act, abstracted provisions of the findings and award made by the Examiner, which were subsequently adopted and approved by the Commissioner, as well as the trial court, read:

"It is found, in addition to the stipulations of the parties, that the claimant suffered personal injury by accident arising out of and in the course of his employment, by reason of which he has been temporarily totally disabled, and is entitled to compensation commencing May 23, 1959, at the rate of $34.00 per week, which shall be paid until the further order of the Commissioner.

"This matter is set for further hearing on the question of extent of disability at 9:30 a. m., December 10, 1959.

. . . . . . . . . . . .

"Since no compensation has been paid, as of November 28, 1959 there is due and owing 27 weeks at 34 per week, or $918, which is ordered paid in a lump sum.

"Wherefore, Award of Compensation Is Hereby Made in favor of the claimant . . . and against . . . respondent, . . . and . . . Insurance Carrier, for compensation not to exceed 415 weeks at $34 per week, subject to review and modification as provided by law. As of November 28, 1959 there is due and owing 27 weeks of compensation, or $918, which is hereby ordered paid in one lump sum.

"Further award is made for medical and hospital expenses not to exceed $2,500, to include the medical expenses above listed, as set out in the stipulations."

Shortly after rendition of the foregoing award, and prior to December 10, 1959, respondent took an appeal to the district court. There, according to pertinent provisions of the journal entry, after a hearing in conformity with the provisions of the Laws of 1955, Chapter 250, Section 10, now G. S. 1959 Supp., 44-556, that court made the following findings and award:

"Thereupon, the Court being duly advised in the premises, having read the transcript of proceedings before the Workmen's Compensation Commissioner and having heard arguments of counsel, finds in favor of the claimant and adopts the findings of the Examiner, as approved by the Workmen's Compensation Commissioner, as follows:

"That the relationship of employer and employee existed between them on May 16, 1959; that they are governed by the Kansas Workmen's Compensation Act; claim was made as required by law; the Bituminous Casualty Corporation is the insurance carrier; and that the claimant's average weekly wage was $104.13;

"That the claimant suffered personal injury by accident arising out of and in the course of his employment, by reason of which he has been temporarily totally disabled, and is entitled to compensation commencing May 23, 1959, at the rate of $34.00 per week, which shall be paid until the further order of the Commissioner;

"That the claimant is entitled to the medical expense as set out in the stipulations, to-wit: . . .; and additional medical as needed, but not to exceed the total sum of $2,500.00.

. . . . . . . . . . . .

"It is therefore by the court Ordered, Adjudged and Decreed that Award of Compensation be and the same is hereby made in favor of the claimant

. . . and against . . . respondent, and . . . insurance carrier, for compensation commencing on the 23rd day of May, 1959 at the rate of $34.00 per week until such time as he is no longer disabled, and for such permanent partial disability as may then exist, the total not to exceed 415 weeks at $34.00 per week.

"It is . . . further Ordered, . . .. that award should be and the same hereby is made for medical and hospital expenses not to exceed $2,500.00."

The principal question raised by this appeal is that the record discloses no substantial competent evidence to support the trial court's finding that claimant sustained an accidental injury arising out of his employment.

In any approach to the foregoing question it should be stated that the rule in this jurisdiction, so often repeated as to hardly require reference to our decisions, is that it is the function of a trial court to pass upon the facts in a workmen's compensation case and that under G. S. 1959 Supp., 44-556, this court is limited on appellate review to "questions of law" which in final analysis, simply means that its duty is to determine whether the trial court's factual findings are supported by any substantial evidence. See, *e. g., McDonald v. Rader,* 177 Kan. 249, 251, 277 P. 2d 652, also *Kafka v. Edwards,* 182 Kan. 568, 571, 322 P. 2d 785, and the numerous decisions there cited.

For a more recent pronouncement dealing with the same subject see *Allen v. Goodyear Tire & Rubber Co.,* 184 Kan. 184, 334 P. 2d 370, where, after pointing out that the question whether the disability of a workman is due to an accident arising out of and in the course of his employment is a question of fact and when determined by the district court will not be disturbed by this court, where there is substantial evidence to sustain it, it is said:

"Under G. S. 1957 Supp., 44-556, the appellate jurisdiction of this court in compensation cases is confined to reviewing questions of law only. In doing so, it is necessary to determine whether the record contains any evidence which tends to support the judgment rendered, and in so considering, this court is required to view all testimony in the light most favorable to the prevailing party below. If, when so considered, the record contains any evidence which supports the trial court's judgment, that judgment must be affirmed, this court being conscious at all times of the fact that we have little concern with disputed questions of fact in ordinary lawsuits and none whatever in compensation cases, except to ascertain whether the record contains any evidence which on any theory of credence justifies the trial court's finding or conclusion of fact. (*Rothman v. Globe Construction Co.,* 171 Kan. 572, 235 P. 2d 981; *Silvers v. Wakefield,* 176 Kan. 259, 270 P. 2d 259; *LaRue v. Sierra Petroleum Co.,* 183 Kan. 153, 325 P. 2d 59; *Burton v. Western Iron and Foundry Co.,* 173 Kan. 506, 249 P. 2d 688.)" (pp. 185, 186.)

See, also, *Cody v. Lewis & West Transit Mix,* 186 Kan. 437, 443, 351 P. 2d 4; *Shepherd v. Gas Service Co.,* 186 Kan. 699, 701, 352 P. 2d 48; *Hallett c. McDowell & Sons,* 186 Kan. 813, 814, 352 P. 2d 946; *Rorabaugh v. General Mills* (this day decided), 187 Kan. Syl. ¶ 2, 363, 356 P. 2d 796.

Mindful of our obligation under the rules announced in the foregoing decisions, we have examined the record for the purpose of determining whether the evidence most favorable to claimant, which we may add is undisputed, is sufficient to support and sustain the factual finding now under consideration. Having done so we do not believe it would add anything to our reports and we are not inclined to prolong this opinion by detailing such evidence. It suffices to say that after a painstaking and extended examination of the entire record we are convinced it discloses sufficient competent evidence on which the trial court could base a finding that the claimant suffered personal injury by accident to his back arising out of and in the course of his employment, by reason of which he became temporarily totally disabled. That, under the decisions to which we have previously referred, means such finding cannot be disturbed and must be upheld. Of a certainty, keeping in mind that it was the province of the trial court, not this court, to weigh the evidence and then determine what portions thereof were to be given credence it should be said such evidence was sufficient to bring it within the rule, this day announced in *Rorabaugh v. General Mills,* supra, Syl. ¶ 3, where it is held that "Under the workmen's compensation act injury arises out of the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a casual connection between the conditions under which the work is required to be performed and the resulting injury."

In leaving the question just decided, it should perhaps be stated, we have considered all decisions cited by the respondent in support of its position and concluded they cannot be regarded as controlling precedents under the confronting facts and circumstances.

Respondent next contends the record discloses no evidence of notice to the employer of an accident. This claim is based in part, at least, on the first question raised by respondent. That, having been determined contrary to its position, such claim now lacks merit and requires little attention. The clear and unequivocal evidence of record is that on the morning of the date of the accident

in question, after he had been performing heavy, hard work, claimant gave notice of his back condition to his foreman. The record further discloses that, while testifying as a witness during the course of the hearing before the Compensation Examiner, such foreman stated in substance that he was in complete charge of the operation of the yard plant of the company and responsible only to the owners of the company, the stockholders, who checked on his activity perhaps once a year; and that from the time claimant *complained of his back injury* he was never again able to perform the work he did before. G. S. 1949, 44-520, on which respondent relies to sustain its position on this point, expressly provides that actual notice of the accident by the employer, *or his duly authorized agent,* shall render the giving of the notice otherwise required by its terms unnecessary. In the face of the heretofore related evidence we are inclined to the view notice to the foreman was notice to the employer and that respondent's position on this point cannot be upheld. In any event such evidence compels a conclusion respondent's duly authorized agent had actual knowledge of the accident, thus making the giving of a formal notice to the employer unnecessary.

The next question raised by respondent is that it is not liable for the medical expenses incurred by claimant.

Directing our attention to G. S. 1959 Supp., 44-510, and without any complaint that the medical expenses allowed by the court as a part of the award were not reasonably necessary to cure and relieve the claimant's back condition, the essence of all contentions advanced on this point is that under the provisions of such statute an employee may provide medical treatment for himself and the employer be liable therefor only "if the employer has knowledge of the accidental injury and refuses or neglects to reasonably provide the benefits herein required . . ." (44-510).

What has been heretofore stated and held establishes claimant sustained an accidental injury on the date in question and, after careful consideration of the entire record, we are convinced the evidence is ample to warrant a conclusion that, within the meaning of the term as used in the statute, the respondent had "knowledge" thereof. Moreover, it cannot be denied the claimant procured for himself the medical services included in the award. Thus it appears our problem is to determine whether the respondent refused or neglected to reasonably provide such benefits. That it did not refuse to do so is demonstrated by claimant's own testimony that he did not know of his rights to benefits under the compensation

act until after he came home from the hospital and most, if not all, of the medical expenses had been incurred. However, whether respondent *neglected to reasonably provide* the medical benefits contemplated by the Act in cases of accidental injury where employee and employer are under the compensation act is an entirely different matter.

Without repeating what has been previously stated it may be said the record discloses that, with knowledge on the part of respondent of the accident as well as the accidental injury on May 16, 1959, the foreman, whose status with the respondent has been heretofore indicated, admitted (1) that when claimant came to him on May 16 he told him to see Dr. Fewin, a chiropractor; (2) that later he was advised by claimant's father that claimant had been to see a medical doctor; and (3) that the father also told him claimant was going to have an operation. The record also discloses testimony by claimant to the effect that several days after the accident, after he had been to the chiropractor on several occasions with knowledge of the foreman, he attempted to come back to work and advised the foreman that the chiropractic treatments had not been successful, whereupon the foreman said "I want you to go somewhere and get that taken care of." Other portions of the record disclose that from the date of the accident until May 23, 1959, claimant suffered acute pain; that he was placed in traction for five days, and that immediately thereafter a fusion operation was performed. And a further examination of the record makes it appear that notwithstanding what has been heretofore related the respondent made no attempt to provide claimant with the treatment and care which is clearly contemplated by the provisions of 44-510, *supra*, during any of the period of time hereinabove involved. Under the foregoing conditions and circumstances and others to which we have heretofore referred, and mindful of the established rule of this jurisdiction the provisions of the Workmen's Compensation Act must not be construed in a strict and technical sense but liberally with a view of effectuating the true intent and purpose of the Act, we are constrained to the view the record in this case discloses that the respondent neglected to reasonably provide claimant with the benefits required by the provisions of 44-510, *supra*, and so hold. It follows the trial court did not err in including in its award and judgment the medical expenses incurred by claimant.

Finally it should be stated that, contrary to a contention ad-

vanced by respondent, the transcript of the record before the district court on appeal discloses sufficient substantial competent evidence to support and warrant its award and judgment finding that claimant was temporarily totally disabled and directing that he be allowed compensation on that basis until such time as he was no longer so disabled.

After careful consideration of the entire record on all contentions advanced by the parties we fail to find any error in this case warranting a reversal of the judgment. Therefore it must be affirmed and it is so ordered.