No. 42,594

MARY PHILLIPS, Widow of Clifford M. Phillips, Deceased,
*Appellant*, v. SKELLY OIL COMPANY, *Appellee*.

(370 P. 2d 65)

Opinion filed April 7, 1962.

*Stuart D. Mitchelson*, of Mission, argued the cause, and *Granville M. Bush*, of Lyons, *A. J. Pflumm, Donald C. Amrein*, and *Richard L. Bond*, all of Mission, were with him on the briefs for the appellant.

*R. Kendall Sherrill*, of Tulsa, Oklahoma, argued the cause, and *Max C. Bucklin*, of Pratt, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This workmen's compensation case was instituted by Mary Phillips (hereinafter referred to as the claimant or appellant), as the widow of Clifford M. Phillips, deceased, against the employer, the Skelly Oil Company, a self insurer (hereinafter referred to as the respondent or appellee).

In submitting the cause to the Compensation Commissioner, now Compensation Director (see Laws 1961, Chapter 243, Section 7, now G. S. 1961 Supp., 74-710), the parties stipulated that the only question to be resolved in the proceeding was whether the accident arose out of and in the course of the decedent's employment. A hearing resulted in an award to claimant, whereupon the respondent appealed to the district court.

After a full and complete trial in district court, in conformity with the provisions of Laws of 1955, Chapter 250, Section 10, now G. S. 1961 Supp., 44-556, that tribunal found, among other things, that the decedent's accidental death did not arise either in the course of or out of his employment with the respondent. It then reversed the Commissioner's decision and rendered judgment denying the claimant an award. This appeal followed.

In approaching questions raised by the appellant, all of which are based upon claims respecting the sufficiency of the evidence to sustain the trial court's judgment in refusing an award, we deem it necessary to once again point out that on appellate review of such questions in workmen's compensation proceedings (1) it is the function of the trial court not that of the appellate court to pass upon the facts and this court has no jurisdiction over questions of fact on appeal under the Workmen's Compensation Act (*Holler v. Dickey Clay Mfg. Co.*, 157 Kan. 355, 139 P. 2d 846; *McDonald v. Rader*, 177 Kan. 249, 277 P. 2d 652; *Kafka v. Edwards*, 182 Kan. 568, 570, 571, 322 P. 2d 785; *LaRue v. Sierra Petroleum Co.*, 183 Kan. 153, 156, 325 P. 2d 59; *Cross v. Wichita Compressed Steel Co.*, 187 Kan. 344, 346, 356 P. 2d 804; *Love v. Kirwin*, 187 Kan. 760, 359 P. 2d 881; *Price v. McSpaden*, 188 Kan. 578, 581, 363 P. 2d 533; *Lutz v. Gehring Contractor-Builder, Inc.*, 188 Kan. 690, 692, 366 P. 2d 281; *Thompson v. Heckendorn Manufacturing Co.*, 189 Kan. 77, 367 P. 2d 72); (2) the question whether the disability of a workman is due to an accident arising out of and in the course of his employment is a question of fact and when it is determined by the district court will not be disturbed by this court where there is substantial evidence to sustain it (*Gregg v. American Walnut Lbr. Co.*, 137 Kan. 201, 19 P. 2d 463; *Kafka v. Edwards*, p. 570, supra; *LaRue v. Sierra Petroleum Co.*, p. 155, supra; *Allen v. Goodyear Tire & Rubber Co.*, 184 Kan. 184, 185, 334 P. 2d 370; *Heer v. Hankamer Excavating Co.*, 184 Kan. 186, 187, 334 P. 2d 372; *Grow v. Musgrove Petroleum Corp.*, 184 Kan. 800, 802, 803, 339 P. 2d 75; *Shepherd v. Gas Service Co.*, 186 Kan. 699, 701, 352 P. 2d 48); (3) whether the judgment is supported by substantial competent evidence is a question of law as distinguished from a question of fact (*Holler v. Dickey Clay Mfg. Co.*, supra; *Pinkston v. Rice Motor Co.*, 180 Kan. 295, 299, 303 P. 2d 197; *Snedden v. Nichols*, 181 Kan. 1052, 1055, 317 P. 2d 448; *McDonald v. Rader*, supra, and cases there cited; *LaRue v. Sierra Petroleum Co.*, p. 156, supra; *Rakes v. Wright Cooperative Exchange*, 185 Kan. 794, 347 P. 2d 389; *Price v. McSpaden*, p. 581, supra; *Cross v. Wichita Compressed Steel Co.*, p. 346, supra); and (4) in reviewing the record to determine whether it contains substantial evidence to support the district court's judgment, this court is required to review all the evidence in the light most favorable to the party prevailing below, and if there is any evidence to support the judgment it must be affirmed

even though the record discloses some evidence which might warrant the district court making a contrary decision (*Rothman v. Globe Construction Co.*, 171 Kan. 572, 574, 235 P. 2d 981; *Barr v. Builders, Inc.*, 179 Kan. 617, 296 P. 2d 1106, and cases cited at page 619 of the opinion; *Pinkston v. Rice Motor Co.*, p. 299, *supra; Snedden v. Nichols*, p. 1055, *supra; Allen v. Goodyear Tire & Rubber Co.*, pp. 185, 186, *supra; Heer v. Hankamer Excavating Co.*, p. 187, *supra; Rakes v. Wright Cooperative Exchange*, p. 794, *supra; Shepherd v. Gas Service Co.*, p. 699, *supra*).

Many decisions supporting the foregoing rules appear in the opinions above cited. Numerous other decisions of like import will be found in Hatcher's Kansas Digest [Rev. Ed.], Workmen's Compensation, § 153, and West's Kansas Digest, Workmen's Compensation, §§ 1940 to 1969, incl.

There is little, if any, dispute between the parties as to the evidence regarding the facts to which we shall now refer.

Appellant's husband was a pumper and had been an employee of the respondent since 1932. One of several leases assigned to him by respondent in that capacity was the C. T. Grizzell lease situated in Rice County. In general his duties as pumper entailed such matters as checking pump motors, greasing pump valves, treating the wells with corrosion-inhibitives, gauging storage tanks, and tabulating a daily log of what the pumps on divers leases were doing in volume. He was paid on the basis of a forty-hour week, plus a mileage fee on estimated and predetermined number of miles for traveling from lease to lease. He was free to perform his work at his own discretion but was expected to put in as many hours as were necessary to complete the work of his assigned job.

On the afternoon of August 23, 1959, the decedent, Clifford Phillips, after working on nearby leases came by his home in the City of Chase at approximately 4 to 4:30 p. m. before leaving to service a pump on the Grizzell lease, which was located some six or seven miles away. This was his first trip to the Grizzell lease that day. By way of explanation it should be stated that the Grizzell lease is traversed by Cow Creek from northwest to southeast and flows approximately 100 feet west of the well.

Some fifteen minutes after leaving his home, to be exact at about 4:45 p. m. on the date in question, the body of Mr. Phillips was found on the bank of the west side of Cow Creek, approximately 350 feet northwest of the well. His left leg was extended as if he had been sitting with his right leg more or less folded under his

left leg. He had fishing tackle and bait with him and when his body was found there was a fishing rod and reel lying along his left arm. The end of the rod was partially in the water. The line and the hook, with a worm on the end of the hook, were also in the water and there was a can of bait nearby. A subsequent investigation disclosed that a stray bullet from a squirrel hunter's rifle had caused his death. The evidence also disclosed that the decedent had not started any process at the well, circulating the well or any other thing, prior to the time of his death on the day in question.

The appellant recognizes the force and effect to be given the rules to which we have heretofore referred and, with what we deem is commendable candor, seems to concede that, limited to the uncontroverted facts heretofore related, application of the foregoing rules would require an affirmance of the involved judgment. Notwithstanding, she strenuously contends such judgment is not supported by substantial evidence because certain testimony adduced in her behalf in the court below was to the effect her husband's fatal accident arose out of and in the course of his employment in that, although he was engaged in fishing at the time of his death, (1) he was checking on a driftwood jam in the creek and (2) in fishing he was following an established custom of the pumpers in the oil industry, all within the consent and knowledge of the appellee.

The trouble with all arguments advanced by appellant in connection with the claim now under consideration is that she either overlooks or chooses to ignore the fact that the evidence of record on the two factual questions, hereinabove identified as (1) and (2), was highly conflicting; and that the trial court determined, on the basis of what a review of the record discloses to be substantial evidence, in its special—as well as its general—findings, that at the time of his accidental death appellant's decedent was not checking on a driftwood jam in the creek or fishing pursuant to an established custom of pumpers in the oil industry, with the consent and knowledge of his employer, and therefore did not meet his death by accident arising out of and in the course of his employment.

Having determined the record discloses evidence sufficient to warrant the action of the district court in denying an award application of the established rules, to which we have previously referred, governing the disposition of appeals to this court in workmen's compensation cases requires that its judgment be affirmed.

It is so ordered.